EDWARD CHITTENDEN, Plaintiff, *v.* ELLENOR CHITTENDEN, Defendant.

(Supreme Court, Erie Special Term, October, 1909.)

Limitation of actions — Statutes of Limitation— Operation in general — Application to action to declare invalidity of void marriage.
Marriage — In general — Bigamous marriage — Void ab initio.

A marriage entered into by a woman whose husband by a former marriage is living, unless the marriage has been annulled or the husband has been sentenced to imprisonment for life or has absented himself for five years last past without being known to the wife to be living during that time, is void *ab initio* and not voidable merely.

The Statute of Limitations is not applicable to an action to annul a marriage on the ground that the defendant, at the time of entering into the marriage, had and still has a former husband living.

Supreme Court, October, 1909.        [Vol. 64.

PLAINTIFF demurs to defendant's answer that more than ten years have elapsed since plaintiff's cause of action accrued, upon the ground that such answer is insufficient in law.

Walker & Johnson for plaintiff.

Morris A. Lovejoy (Frank W. Brown, of counsel), for defendant.

BROWN, J. Plaintiff and defendant were married December 4, 1890; no children were born of the marriage. The plaintiff brings this action to annul the same, on the ground that at the time thereof the defendant had a husband then, and who is now, living. The defendant answers, alleging that more than ten years have elapsed since plaintiff's cause of action accrued and that the same is barred by the Statute of Limitations. Code Civ. Pro., § 388.

The plaintiff's demurrer raises the question whether the Statute of Limitations has any application to this cause of action.

It is provided by statute (Dom. Rel. Law, § 3) that a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, unless either such former marriage has been annulled, such former husband or wife has been finally sentenced to imprisonment for life, or such former husband or wife has absented himself or herself for five successive years then last past, without being known to such person to be living during that time. The facts stated in the pleadings to be considered on this demurrer are, simply, that the defendant at the time of her marriage to the plaintiff had a husband then, and who is now, living, and that such former marriage was then in force. From such bare facts the statute makes the marriage between the plaintiff and the defendant void *ab initio*. The court cannot assume some fact to exist that is not pleaded, so as to reach a conclusion that the marriage is a voidable one only. The court cannot assume that defendant's former husband absented himself for five years previous to her marriage with

the plaintiff. If it had appeared in the complaint, or defendant had alleged in her answer, that at the time of her marriage with the plaintiff her former husband had absented himself for five years, it is possible that her marriage with the plaintiff would be voidable only and the Statute of Limitations might be a defense. It may well be that a cause of action to annul a marriage upon the ground that the marriage is voidable by reason of fraud, parties not having attained the age of consent, or by reason of idiocy, lunacy or incapacity, would be barred by the Statute of Limitations. Montgomery v. Montgomery, 3 Barb. Ch. 132. Sections 1744, 1746, 1747, 1750 and 1752 of the Code of Civil Procedure do in fact provide for the time within which such actions may be maintained. It is quite another thing, however, to say that a contract of marriage that is void *ab initio* must not be decreed or adjudicated to be void, solely because of lapse of more than ten years after such void marriage. The fact is that such marriage contract is in and of itself void, because the defendant had a husband then living, and a decree could not be obtained making such marriage valid. No possible circumstances stated in the complaint could make such a marriage a legal marriage; no lapse of time would make it valid. The court has no power to make a void marriage contract a legal contract upon the facts appearing in the pleadings. The law has interposed no barrier preventing the court from declaring the void marriage contract between the plaintiff and the defendant to be void. Section 1745 of the Code of Civil Procedure provides that such action may be maintained by either of the parties during the lifetime of the other. The contention of the defendant that the action must be brought during the lifetime of the parties, but within ten years, cannot be upheld.

The demurrer is well taken and must be sustained.

The defendant is permitted to plead over within twenty days.

No costs.

Demurrer sustained, with leave to defendant to plead over within twenty days; no costs.