CHITTENDEN v. CHITTENDEN.

(Supreme Court, Special Term, Erie County. June, 1910.)

1. MARRIAGE (§ 11*)—VALIDITY—VOIDABLE MARRIAGE.

Domestic Relations Law (Laws 1896, c. 272) § 3, makes a marriage absolutely void if contracted by any person whose husband or wife by a former marriage is living, unless such former husband or wife has absented himself or herself for five successive years without being known to such person to be living during that time, in which case section 4 makes the marriage void from the time its nullity is declared by a court of competent jurisdiction. Code Civ. Proc. § 1745, permits actions to annul a marriage, on the ground that the former husband or wife is living, to be maintained by either of the parties during the other's lifetime, or by the former husband or wife. Held, that a marriage contracted in good faith under the belief that defendant's first husband was dead, more than five years after he had abandoned her, was merely voidable until declared void by a court of competent jurisdiction.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 30; Dec. Dig. § 11.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** LIMITATION OF ACTIONS (§ 39*)—ACTIONS NOT SPECIALLY PROVIDED FOR.

 Construing Code Civ. Proc. § 1745, in view of the general policy of the law to recognize but one legitimate marriage as existing at the same time, that section applies to marriages voidable under sections 3 and 4, c. 272, Laws 1896, as well as to those absolutely void thereunder, and an action to annul a marriage made in good faith by the wife more than five years after she was abandoned by her former husband is not barred if brought during the lifetime of the parties; Code Civ. Proc. § 388, requiring all actions, the limitation of which is not specially prescribed, to be begun within ten years after they accrue, not applying.

 [Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 39.*]

Action by Edward D. Chittenden against Eleanor Chittenden. On demurrer to the answer. Demurrer sustained, with leave to plead over.

See, also, 123 N. Y. Supp. 1110.

Walker & Johnson, for plaintiff.

Frank Brown, for defendant.

WHEELER, J. The demurrer is interposed on the ground that the statute of limitations pleaded in the defendant's answer constitutes no defense to the plaintiff's cause of action. The action is brought to annul a marriage because of the existence of a former marriage. This action has been before this court on a former demurrer by the plaintiff to the sufficiency of the defendant's answer. In the first answer, the defendant set up the statute of limitations, but alleged no facts showing that the marriage was contracted in good faith and in ignorance of the fact that the former husband of the defendant was living at the time of the second marriage to the plaintiff. The plaintiff thereupon demurred, and the Special Term (Mr. Justice Brown presiding) sustained the demurrer. An appeal was taken from the judgment sustaining the demurrer to the Appellate Division, which affirmed the decision of Mr. Justice Brown.

The defendant thereupon pleaded over, setting up in the second answer the facts (which we must assume to be true) that the defendant's first husband abandoned her and was absent for more than five years before the marriage to the plaintiff was contracted, that the defendant entered into said marriage with the plaintiff in good faith and in the belief that her first husband was dead, that the said first husband returned, and that for more than ten years prior to the bringing of this action the plaintiff has known that the first husband was and is living. The defendant therefore again pleads the statute of limitations, and insists that the facts now set forth in the second answer distinguish the case from that first presented, in that by the first answer it appeared the marriage in question was absolutely void, void ab initio, whereas by the facts alleged by the present answer the marriage is only voidable.

The statute does, in fact, make such a distinction. By section 3 of the domestic relations law (Laws 1896, c. 272) it is provided that:

 "A marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living, *unless* either: * * * (3) Such former husband or wife has absented himself or herself for five successive years

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

then last past without being known to such person to be living during that time," in which event, by section 4, such "*a marriage is void from the time its nullity is declared by a court of competent jurisdiction.*"

The language of the statute necessarily implies that such marriages are not absolutely *void*, but *voidable* merely, and until so declared by a court of competent jurisdiction are to be deemed valid for certain purposes. It has accordingly been held that the second marriage, when entered into in good faith and in ignorance that the first husband was alive, is not void, but simply voidable. Gall v. Gall, 114 N. Y. 109, 120, 21 N. E. 106; Taylor v. Taylor, 63 App. Div. 234, 71 N. Y. Supp. 411.

The question, however, still remains whether the distinction between a *void* and *voidable* marriage makes the statute of limitations available in one case when not available in the other. Section 1745 of the Code of Civil Procedure provides that actions to annul a marriage on the ground that a former husband or wife is living "*may be maintained by either of the parties, during the lifetime of the other, or by the former husband or wife.*" It is contended by the plaintiff that this section expressly provides the only limitation is the "*lifetime of the parties,*" whereas the defendant contends that the meaning of section 1745 is that the suit can only be brought during the lifetime of the parties to the marriage, and not afterwards, and not that suit may be brought at any distance of time after the right to institute it occurred, provided either is still living.

The defendant's counsel cites, in support of his contention, Montgomery v. Montgomery, 3 Barb. Ch. 132. This case was cited and urged upon the court on the argument of the former demurrer, but, notwithstanding, the Special Term and Appellate Division held adversely to the defendant as applied to the facts as then alleged.

We can see no real or substantial reason for making any distinction on account of the facts alleged in the first answer and those set up in the present—one presenting the case of a void marriage, and the other that of a voidable marriage, as clearly pointed out. The Code makes no such distinction in terms. Its provisions apparently apply equally to both cases. It seems to us that the section in question should be construed in the light of the general policy of the law of this state, and of all civilized communities, to recognize but one true and legitimate marriage relation between one man and one woman.

In certain cases like that now under consideration, where parties have innocently and in good faith contracted a marriage in the belief that a former husband or wife was dead, on grounds of public policy, and to protect parties as far as possible from the disastrous consequences of such unfortunate marriages, the Legislature has provided that children of such marriages shall be deemed legitimate, and the marriage shall be deemed void only from the time it is so decreed by a court of competent jurisdiction. It would seem that, until so decreed void, the obligation of a husband to support a wife married under such circumstances would continue, and unless the marriage is judicially declared void during the lifetime of the parties, or the lifetime of the former husband or wife, the contracting parties would enjoy all the property rights incident to the relationship of a legitimate marriage. Just how far

the provisions of the statute declaring such marriages void only from the time they are so judicially declared it is not our purpose to discuss. It is, however, sufficient to say, notwithstanding, that the statute was not designed to encourage a dual marriage relation; and section 1745 should not be so construed as to bar an action to obtain a decree of annulment, if brought at any time during the life of the parties.

These considerations distinguish this case from that of Montgomery v. Montgomery, where the action was one to annul a marriage for fraud only, and was not one to annul on account of the existence of a former husband or wife living. We think, therefore, that the Special Term and Appellate Division, in deciding this case on the former demurrer, in effect logically held that section 1745, by its very language and proper construction, permitted the action to annul to be brought at any time during the lifetime of the parties, and in effect held that the ten-year statute of limitations prescribed by section 388 of the Code, had no application.

The demurrer is therefore, sustained, with permission to plead over upon the usual terms, upon payment of the costs of the demurrer. Let decision be drawn accordingly.