SAMUEL F. APPLETON *vs.* AMELIA WARNER, otherwise called AMELIA APPLETON.

Where, in an action by a husband against his wife, to obtain a decree declaring void a marriage between them, for the reason that the defendant at the time of such marriage, had a husband living, and from whom she had never been divorced, the facts alleged in the complaint are undisputed, the marriage between the parties is absolutely void, and no court can hesitate to decree the nullity of the marriage.

" May " means " must," in statutes conferring powers upon courts in cases like this.

Appleton *v.* Warner.

Where the defendant is not the plaintiff's wife, and she admits the facts show-
ing she is not, and does not claim to be such, the power to grant a counsel
fee and alimony should not be exercised in her favor.

Should the court finally determine, as a matter of discretion, that it will not
decree the nullity of the marriage, still there is no legal marriage. Still
the defendant is not the plaintiff's wife. This being clear at the commence-
ment of the controversy, the plaintiff is under no obligation to support the
defendant or to pay her counsel.

THIS action was brought by the plaintiff to obtain a
decree of this court declaring void his marriage with
the defendant, for the reason that she, at the time of such
marriage, had a husband living and from whom she had
never been divorced. The complaint also avers that the
defendant expressed herself to be a widow, and concealed
the fact that she had such living husband from the plain-
tiff. The answer of the defendant admits the marriage
with the plaintiff; admits the former marriage with one
Warner, and that he was living; admits that no children
were born of the marriage of the parties to this action,
and denies the other allegations of the complaint. After
the issue thus made, the defendant applied at special
term or chambers, for a counsel fee and alimony, and the
application was denied. The defendant then applied, by
motion, for leave to amend her answer, by inserting an
allegation that she told the plaintiff, before her marriage
with him, of the previous marriage with Warner, and of
her ignorance whether he was living or dead; and that
the plaintiff was insane at the time of the commencement
of this action; and also for leave to renew her motion for
counsel fee and alimony.

The motion was granted, as to the amendment, and a
counsel fee of $1000 ordered, and also alimony to the de-
fendant at the rate of $2500 per year, payable quarterly
in advance. The plaintiff appealed from this order

GEO. G. BARNARD, P. J. Courts have large powers of
amendment of pleadings, if such amendment be "in fur-

therance of justice." The papers show very clearly that the first subdivision of the amended answer allowed to be put in is false. Maria Warner told the defendant of the receipt of a letter from her husband, but a year before the marriage with the plaintiff, and the defendant then knew the fact that he was living, and where he was living, and said " she would not live with him if he should return from San Francisco."

The insanity of the plaintiff, at the commencement of the action, is not an inssuable fact in the action. On the undisputed facts of this case the marriage with the plaintiff was absolutely void. (*Fenton* v. *Reed*, 4 *John*. 52. *Williams* v. *Parisien*, 1 *John*. *Ch*. 390.) Upon these facts, thus undisputed, no court can hesitate to decree the nullity of the marriage. " May " means " must," in statutes conferring powers upon courts in cases like this.

The power to grant a counsel fee and alimony should not have been exercised. The defendant is not the plaintiff's wife. She admits the facts showing she is not, and she does not claim to be. If the court finally determines, as a matter of discretion, that it will not decree the nullity of the marriage, still there is no legal marriage; still the defendant is not the plaintiff's wife. This being clear at the commencement of the controversy, the plaintiff is under no obligation to support the defendant, or to pay her counsel. It would be most pernicious to compel the support of an adulteress " out of the plaintiff's large estate until the ultimate decision takes place," which may be, and in such a case probably would be, for a very considerable time.

The plaintiff must strike out of his complaint, within ten days, the allegation of fraud on the part of the defendant in the consummation of the marriage with him.

The order is not just or right, and should be reversed.

INGRAHAM, J. concurred.

---

SUTHERLAND, J. If the plaintiff strikes out of the complaint the allegations of fraud and of fraudulent representations, I concur in reversal; otherwise I am for affirming the order.

Order reversed.

[NEW YORK GENERAL TERM, April 1, 1868. *Geo. G. Barnard, Sutherland* and *Ingraham,* Justices.]