(63 App. Div. 231.)

### TAYLOR v. TAYLOR.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. MARRIAGE—FORMER SPOUSE LIVING—EFFECT OF—ABSENCE OF HUSBAND—VOIDABLE MARRIAGE.

Laws 1896, c. 272, §§ 3, 4, provided that the marriage of a wife while the husband is living should be absolutely void, unless the husband is absent for five successive years, and not known by the wife to be living during such time, when it should be only voidable. A wife whose husband had been absent for over five years remarried, though the first husband was alive; but she testified that she made inquiries and learned that the first husband was dead, though she could not learn the particulars. The sister of the first husband told the wife that the former would have been alive if the wife's conduct had been different. A lawyer told the wife and second husband that the former was free to marry. Held, that the marriage was not void, but only voidable.

2. SAME—EVIDENCE—SUFFICIENCY.

Where a married woman contracts a second marriage in the honest belief that her husband is dead, a new marriage contract with the second husband, on the parties learning of the subsequent death of the first husband, may be established by the wife by evidence of living together for 11 years thereafter and holding themselves out as husband and wife.

3. SAME—DISSOLUTION.

Where a married woman, supposing her husband to be dead, contracts a second marriage while he is living, and the second husband lives with the wife for over 10 years after obtaining knowledge of such fact and of the subsequent death of the first husband, he is not entitled to a dissolution of the marriage.

Appeal from special term, New York county.

Suit for separation by Catherine Taylor against Washington H. Taylor. From a decree of separation and awarding alimony, and an order confirming the report of a referee fixing the amount of alimony, the defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Frank R. Lawrence, for appellant.
Alexander S. Bacon, for respondent.

LAUGHLIN, J. The complaint alleges that plaintiff and defendant are husband and wife, and the action is brought to obtain a decree of separation and for alimony, upon the grounds of abandonment and cruel and inhuman treatment on the part of the defendant towards the plaintiff. Plaintiff and defendant were married in due form of law at the city of New York by a minister of the Methodist Episcopal Church on the 6th day of January, 1871. The special term found, on conflicting evidence, that the parties lived together until the year 1889, and this finding is amply supported by the evidence. It was contended by appellant upon the trial that the alleged abandonment occurred in the year 1886, and that the statute of limitations had run against plaintiff's cause of action. It was accordingly substantially admitted by the defendant that he had abandoned and wholly failed and neglected to support the plaintiff since the year 1886. The answer interposed the further defense that the marriage between the plaintiff and defendant was void on account of the fact that plaintiff had been formerly married, and her husband was then living. It appears without controversy that on the 12th day of January, 1860, plaintiff married one James Denis at Providence, R. I., and that Denis did not die until the 15th day of August, 1878. It was admitted that she was not divorced from Denis, but it was claimed, and evidence was offered tending to show, that prior to her marriage with defendant her former husband had absented himself for more than five years, during which time he was not known to her to be alive, and that subsequent to his death, and with full knowledge thereof, she and defendant agreed to be and become and live together as man and wife, and continued so to do for about 11 years thereafter. According to the testimony of plaintiff, she lived with her former husband about a year and a half at the place of their marriage, and last lived with him in the city of New York about the year 1862, when he disappeared, after residing in the last-named city a few months, and she never again saw or heard from him directly. She says that, when defendant became interested in and proposed to her, she told him of her former marriage and of the disappearance of her husband. Plaintiff says she earned her own living by making soldiers' clothes in the city of New York, and that in 1870 her former husband's sister received a "dead letter," and that she, after hearing of this, went to see her sister-in-law, who, after speaking of the letter, ordered her out of the house, saying that if she "had put up with Denis he might have been a better man, and he would be living to-day" to which plaintiff replied that "it was better he was dead than I." Plaintiff's testimony further shows that she made inquiries of her friends and her former husband's friends in New York concerning his whereabouts, but was able "to find out nothing, only he was dead, of course. Some people said he went to the war, some said he went

to Havana, some people said he went to Panama. No people could give me any account of him." The evidence of diligent inquiry to ascertain whether or not the former husband was living when the second marriage ceremony was performed is not strong, but it is evident that plaintiff acted in good faith. She testified that she explained the fact of her former marriage to her husband when he proposed to her, and expressed an unwillingness to marry until she was certain of the death of her former husband and of her right so to do. Thereupon the defendant suggested that she get a divorce, whereupon, at the instance of defendant, they consulted a lawyer, by whom they were advised that she was at perfect liberty to remarry. The statute declaring that a marriage is absolutely void if contracted by a person whose husband or wife by a former marriage is living expressly excepts cases where "such former husband or wife has absented himself or herself for five successive years then last past without being known to such person to be living during that time." Subdivision 3, § 3, art. 1, c. 272, Laws 1896. Such a marriage is voidable, and becomes void only when its nullity is declared by a court of competent jurisdiction. Subdivision 5, § 4, art. 1, c. 272, Laws 1896. This is but a re-enactment of the Revised Statutes, without material change. We think the evidence fairly brings the case within this exception, and that the marriage between plaintiff and defendant was not void, but voidable only.

The evidence introduced on the part of the plaintiff tended to show that both the plaintiff and the defendant were informed of the actual death of Denis in the year 1878. The plaintiff and three other witnesses gave evidence tending to show that there was, in effect, a new marriage agreement between plaintiff and defendant. This the defendant denied. The sufficiency of the conversations testified to by these witnesses to constitute a valid new marriage, in view of the subsequent cohabitation of plaintiff and defendant, and holding themselves out as man and wife, for 11 years thereafter, could not well be questioned, and is virtually conceded by counsel for appellant. It is not contended by defendant that this evidence, if believed, did not warrant the court in finding a remarriage, but it is urged that the testimony is improper, and that the uncorroborated testimony of the defendant should be accepted, and the evidence of plaintiff and her three witnesses discredited. In a case like this, where the intercourse between the parties originated in the honest belief that they were man and wife, evidence of less probative force should be accepted to establish a new marriage contract after the only obstacle to the validity of the former marriage was removed by the death of the former husband.

The answer contains a counterclaim praying for a decree dissolving the marriage with defendant on account of plaintiff's former marriage. Whether this is a proper counterclaim need not now be decided. The conclusion reached on the last question considered effectually disposes of all questions presented by this answer. But, if that were not so, it is manifest that defendant would not be entitled to the relief demanded. As has been seen, the evidence establishes the fact that before presenting the question to

the court he lived with plaintiff as her husband for more than 10 years after he knew that her former husband was dead, and that the former husband was not dead on the 6th day of January, 1871.

The question as to the amount of alimony to be allowed was carefully considered by the learned referee, and the amount awarded is justified by the evidence.

These considerations require that the judgment and order appealed from should be affirmed, with costs. All concur.