MARTHA PETTIT, by JAMES NOONAN, Her Guardian ad Litem, Appellant, *v.* JOEL PETTIT, Respondent.

*Interlocutory judgment of divorce — a marriage contracted in another State, thereafter and before final judgment, is void — effect of the party seeking to avoid it having cohabited with the other party after the entry of final judgment.*

An interlocutory judgment of divorce in the form prescribed by section 1774 of the Code of Civil Procedure is ineffectual to dissolve the marriage relation between the parties, and a marriage contracted by the guilty husband with another woman in another State prior to the entry of the final judgment of divorce is absolutely void.

The fact that the parties to the second marriage live together, after the entry of the final judgment, does not constitute a ratification of the void marriage, as such a marriage is not the subject of ratification, nor does it constitute the making of a new contract of marriage, it appearing that such cohabitation did not take place until after the statute abolishing the so-called parol common-law marriages had taken effect.

Such cohabitation does not require the court to refuse to grant the wife of the second marriage a decree adjudging such marriage to be null and void, where it appears that there are no children, that the wife was barely eighteen years of age when the ceremony was performed and that the amendment to section 1774 of the Code of Civil Procedure had been in effect less than two months when the interlocutory judgment was entered, shortly after which the ceremony was performed.

APPEAL by the plaintiff, Martha Pettit, by James Noonan, her guardian ad litem, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Fulton on the 22d day of November, 1904, upon the decision of the court rendered after a trial at the Fulton Special Term dismissing the plaintiff's complaint.

*Eugene D. Scribner*, for the appellant.

HOUGHTON, J.:

The action is brought to obtain a decree annulling the marriage between plaintiff and defendant on the ground that it was void because defendant had a wife living at the time.

In October, 1902, the wife of defendant procured against him in the Supreme Court of this State an interlocutory judgment of divorce. Shortly after its entry and nearly three months before

final judgment was entered thereon, the plaintiff and defendant went to the State of Vermont where a marriage ceremony was performed. They immediately returned to this State and lived together as husband and wife until July, 1904.

The interlocutory judgment was in the form prescribed by section 1774 of the Code of Civil Procedure, and adjudged that the defendant's then wife was entitled to a decree of divorce on the ground of adultery of this defendant, and that the final judgment awarding the same should be entered at the expiration of three months after its own entry, as, of course, unless the court should otherwise order.

We concur in the conclusion of the learned court below (*Petit* v. *Petit*, 45 Misc. Rep. 155) that the interlocutory judgment was ineffectual to dissolve the marriage relation between the defendant and his former wife. That was not accomplished until the entry of the final judgment in the February following. The defendant's former wife is still alive, and prior to the entry of final judgment he had no legal right to enter into marital relations in any foreign State with this plaintiff. The very object of the amendments made by chapter 364 of the Laws of 1902 and chapter 488 of the Laws of 1903 to section 1774 of the Code was to prevent the unseemly haste which was customary, and to postpone the right of either party to remarry in any jurisdiction until final judgment should be entered.

No final judgment dissolving the marriage relations between defendant and his former wife having been entered, and she being alive, the marriage of defendant to plaintiff was absolutely void. (Dom. Rel. Law [Laws of 1896, chap. 272], § 3; *Amory* v. *Amory*, 6 Robt. 514.) Being void and not merely voidable, no judicial sentence of nullity was necessary to free the plaintiff. (1 Bish. Mar. & Div. [6th ed.] § 299; *Patterson* v. *Gaines*, 6 How. [U. S.] 592.) The Code of Civil Procedure, however, provides that a party may obtain a decree in such case. (§ 1743.)

While there are cases holding that it is the duty of the court to grant a decree declaring void a marriage where one of the parties had a husband or wife living at the time (*Appleton* v. *Warner*, 51 Barb. 270), yet there are well-considered cases holding that the court has the right to withhold such relief unless the party asking it comes into court with clean hands. (*Taylor* v. *Taylor*, 63 App.

Div. 231; *Kerrison* v. *Kerrison*, 8 Abb. N. C. 444; *Tait* v. *Tait*, 3 Misc. Rep. 218.) In *Finn* v. *Finn* (62 How. Pr. 83) and in *McCarron* v. *McCarron* (26 Misc. Rep. 158) the relief was granted. In the latter case it was said: "If, however, the plaintiff contracted the marriage with full knowledge of the situation a court of equity would simply leave him where he had placed himself, and refuse its decree formally declaring said marriage void."

The plaintiff's complaint herein was not dismissed upon the ground that the court exercised its discretion in refusing to her the relief asked, but upon the ground that the plaintiff had contracted a new marriage with the defendant by living with him as his wife after the entry of the final judgment.

We cannot concur in this view. The marriage was a nullity. It was not subject of ratification as such. This principle applies only to voidable marriages, good until set aside, concerning which the Code provides that no decree of annulment shall be granted in case of force or duress, if it appears that, at any time before the commencement of the action, the parties voluntarily cohabited as husband and wife, or on the ground of fraud, if they have done so with full knowledge of the facts constituting the fraud; or in case of lunacy, after the disability shall have been removed. (Code Civ. Proc. §§ 1747, 1750.) There was no new ceremony after the entry of the final judgment, nor any new contract. Indeed, the plaintiff and defendant could make no contract between themselves, aside from a ceremonial marriage, except in writing, signed by both of them and witnessed by at least two persons and acknowledged by the parties and witnesses, for chapter 339 of the Laws of 1901 was then effective, and so-called parol common-law marriages had been done away with.

Without committing ourselves to the proposition that the court is either compelled to, or should, in all cases, grant a formal decree of nullity when the marriage is void, we think this is a case where the ends of justice will be best subserved by granting to the plaintiff such a decree. There are no children. She is young, being barely eighteen years of age when the ceremony was performed. The amendment of 1902 to section 1774 of the Code had been in effect less than two months when the interlocutory judgment was granted. The plaintiff, as well as the defendant, may not have known of the new provision, and may well have thought they had the right to

marry in a foreign State at once. It is true that this plaintiff was the corespondent in the divorce action, but the defendant may have attempted in good faith to make such reparation as he could by marriage. It having failed, no good can come of allowing the cloud of an undeclared void marriage to hang over the plaintiff for the remainder of her life.

There was no appearance by the defendant in the court below nor upon this appeal. It would be proper for us to direct such judgment in favor of the plaintiff as her complaint demands and her proofs warrant, except for the fact that the affidavit of service of the summons does not conform to the requirements of rule 18 of the General Rules of Practice, in failing to state what knowledge the person making the service had of the person served being the defendant and the proper person to be served and how such knowledge was acquired. This can doubtless be supplied on a rehearing at Special Term.

· The judgment should be reversed and a new trial granted upon supplying such defect, without costs of this appeal.

All concurred.

Judgment reversed and new trial granted upon filing proper proof of service of summons, without costs.