## ABRAMS v. ABRAMS.

(Supreme Court, Appellate Division, First Department. May 16, 1913.)

DIVORCE (§ 151*)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY
AND PROBABLE EFFECT.

> The evidence on which plaintiff was found guilty of adultery was cir-
> cumstantial, consisting chiefly of the fact that, while living apart from
> her husband, she had made the acquaintance of the co-respondent, who,
> whenever in New York, called upon her frequently, from which the in-
> ference of adultery was sought to be supported by the testimony of a
> former servant and the janitress of the apartment house. *Held*, on mo-
> tion for a new trial, on the ground of evidence, not available at the trial,
> tending to counterbalance the unfavorable inference from the testimony,
> that a new trial should be granted.

> [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 509–513; Dec.
> Dig. § 151.*]

Appeal from Special Term, New York County.

Action by Amelia M. Abrams against Alexander Abrams. From
an order denying a motion for a new trial, plaintiff appeals. Re-
versed, and new trial granted.

See, also, 140 N. Y. Supp. 1108.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Edward Lauterbach, of New York City, for appellant.

Charles L. Hoffman, of New York City, for respondent.

SCOTT, J. Upon the appeal from the judgment which found the
plaintiff guilty of adultery, we were of the opinion that the evidence,
although circumstantial, and not absolutely conclusive, was sufficient
to support the verdict. The evidence against the plaintiff showed
that, while living apart from her husband, she had formed the ac-
quaintance of the co-respondent, a resident of a distant city, who,
whenever he was in the city of New York, called upon her with con-
siderable frequency. This was not denied, but the plaintiff did vigor-
ously deny the fact of adultery, and in this was supported by the co-
respondent, who, however, was not present at the trial, and by her
daughter, who had resided with her at the times at which the adultery
was alleged to have been committed. The admitted fact of plaintiff's
intimacy with the co-respondent, while it did not serve to prove the
fact of adultery, did lend color to the inference sought to be drawn
from the testimony of the principal witnesses against her, who were
a former servant, the janitress of an apartment house, and her
daughter.

The plaintiff now says that, although she was informed before the
trial of the nature of the charge against her, and of the dates upon
which it was alleged that she had been guilty, yet she was surprised
at the nature of the evidence adduced to sustain the charge, and that
there is evidence now available, but not available to her at the trial,
which, if she be allowed to offer it, will counterbalance the unfavor-

able inferences against her, based upon the evidence to which we have referred. While plaintiff does not, perhaps, fully bring herself within the strict rules commonly applied to applications like the present, we are of opinion, considering the nature of the action and the peculiar circumstances of the case, that justice will be best served by granting the motion and ordering a new trial of the issue as to plaintiff's adultery.

The order is therefore reversed, and a new trial granted, without costs. All concur.