BLANCHARD P. ATKINSON, Respondent, *v.* ISABELLE E. ATKINSON, Appellant.

Second Department, June 1, 1926.

**Husband and wife — annulment of marriage — motion for new trial on ground of newly-discovered evidence following final judgment — action was brought after parties had lived together nearly twenty-two years — action is based on alleged prior marriage of defendant — present motion for new trial is based on default judgment annulling and declaring void ab initio defendant's prior marriage — said judgment was entered after final judgment herein — motion for new trial should have been granted — in view of judgment in defendant's action, marriage between present parties was valid — prior motion for new trial not bar to this motion — no evidence that judgment in defendant's action against prior husband was fraudulently procured.**

The present action for annulment of marriage, in which the plaintiff has been successful, was instituted on the ground that the defendant, who, for nearly twenty-two years had been living with the plaintiff as his wife, was, prior to her marriage to him, the wife of another man then living. After entry of interlocutory judgment and appeal to the Appellate Division, defendant moved for a new trial on the ground of newly-discovered evidence, tending to show that at the time of her prior marriage her prior husband had a wife living by common-law marriage, and that that marriage had not been dissolved or annulled. That motion was denied. Before the entry of final judgment herein in favor of the plaintiff, the defendant herein instituted an action to have her prior marriage annulled, and a default judgment was entered therein annulling the marriage between the defendant herein and her prior husband, and declaring that marriage to be void *ab initio*. Thereafter the present motion for a new trial on the ground of newly-discovered evidence, based on such final judgment annulling defendant's marriage to her prior husband, was made. The present motion should have been granted, for the final judgment in defendant's action, annulling her prior marriage, constituted newly-discovered evidence, and in view of that judgment declaring her prior marriage void *ab initio*, her marriage to the plaintiff was valid.

The contention by the plaintiff herein that said judgment annulling defendant's prior marriage was not binding on him, upon the theory that he was not a party to that action and was not permitted to appear and defend, is without merit.

Even though the present application for a new trial on newly-discovered evidence be construed as a renewal of a prior motion made and denied, this is no reason for denying the present motion, for the making and denial of a prior motion for a new trial on the ground of newly-discovered evidence is not a bar to a second application.

The intimation by the plaintiff's counsel that the default judgment in defendant's action annulling her prior marriage was procured through fraud, is not supported by any evidence whatsoever in the record, but on the contrary, so far as the record shows, that judgment is in all respects legal and enforcible.

APPEAL by the defendant, Isabelle E. Atkinson, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 18th day of December, 1925, denying her motion to vacate and set aside an interlocutory judgment and a final judgment and grant a new trial upon the ground of newly-discovered evidence.

*Harry N. Selvage,* for the appellant.

*H. Preston Coursen,* for the respondent.

MANNING, J. The marital troubles of the parties here concerned are not new to this court, for the litigation surrounding their marriage and the prior dissolution thereof has been in the courts for the past two years. The material facts in regard to the litigation are undisputed, and are substantially as follows:

The action was brought by the plaintiff to annul a marriage entered into between himself and the defendant on June 24, 1901. They lived together as husband and wife until March 25, 1923, nearly twenty-two years, at which time the plaintiff abandoned the defendant. On November 14, 1923, he began the present action against his wife to annul this marriage, claiming that at the time he married the defendant she had a husband by a prior marriage living, one Robert H. Boyd, and that this prior marriage had not been dissolved or annulled. The answer placed the prior marriage in issue, although the defendant admitted she went through the form of a marriage ceremony with Boyd. But she set up as a separate defense to the present action that the prior husband, Boyd, had absented himself upwards of five years prior to the marriage between the parties to this action without being known to be living during that time, and that she believed he was dead. She further asserted in her answer that the plaintiff had full knowledge of all these facts relating to the prior marriage and the absence of Boyd, and that he represented to the defendant that she was by reason thereof entirely free to marry him (plaintiff), and that such marriage would be valid and could not be attacked. She said that she believed and relied upon these representations by the plaintiff and entered into her marriage with him in good faith, and that they lived together as husband and wife twenty-one years or more, and during all of that time plaintiff had full knowledge of all the facts relating to such prior marriage, and that it was

7

not until after plaintiff had assaulted and abandoned the defendant and an action for separation had been brought against him that he disclaimed such knowledge and sought to annul his marriage to defendant.

The annulment action was tried May 22 and 23, 1924, and decided in favor of the plaintiff. An interlocutory judgment was entered upon this decision on June 20, 1924, and the defendant appealed to this court from that judgment. On August 18, 1924, the defendant moved for a new trial on the ground of newly-discovered evidence tending to show that at the time of her marriage to Boyd he had a wife living by a common-law marriage contracted by him in 1878, and that that marriage had not been dissolved or annulled. This motion was denied on November 19, 1924, and the defendant appealed. The two appeals were heard together by this court and the judgment and order were unanimously affirmed on March 6, 1925. (213 App. Div. 827.) The defendant applied for leave to go to the Court of Appeals, and this was denied. (213 App. Div. 879.) On March 17, 1925, a final judgment of annulment in this action was entered, and the defendant then appealed directly to the Court of Appeals pursuant to section 590 of the Civil Practice Act, with the result that her appeal was dismissed on October 30, 1925, upon the ground that it was necessary on appealing under such section to obtain leave to appeal and that no such leave had been obtained. (241 N. Y. 543.) On March 14, 1925, this defendant commenced an action in the Supreme Court in Bronx county, entitled, "*Isabelle E. Boyd v. Robert H. Boyd,*" to have her marriage with Boyd annulled upon the ground that at the time of contracting it, he, Boyd, had a common-law wife. The action was not defended and resulted in an interlocutory judgment annulling the marriage between the parties, void *ab initio.* The interlocutory judgment was entered on May 22, 1925, and became final as of course on August 22, 1925. It is undisputed that Robert H. Boyd was living at the time the interlocutory judgment became final, and it was shown that at that time the defendant was in Prince Edward Island, and was detained there by the serious illness of a sister. Promptly upon her return there was a second motion for a new trial, based upon the said final judgment annulling her marriage to Boyd, as well as upon the affidavits presented on the prior motion. The second motion for a new trial was denied, and this appeal is taken from the order entered thereon. In opposition to the motion the plaintiff's counsel submitted an affidavit, in which he said that he was informed and believed that the plaintiff was not a party to and had no knowledge of the action commenced on March 14,

1925, in the Supreme Court, Bronx county, by Isabelle E. Boyd against Robert H. Boyd, and the affidavit further stated that the attorney was informed and believed that the evidence offered in that action, and on which the judgment therein was rendered, was precisely the same as that offered by defendant to the court on a motion for a new trial on the ground of newly-discovered evidence, which motion was denied by order entered on November 19, 1924. In denying the motion, the court wrote a short memorandum, which reads as follows:

" *Atkinson* v. *Atkinson* — Motion denied. There is not present here anything, save the judgment of annulment, which was not present on the prior motion. Defendant states there was other proof in the Bronx County case, but does not disclose what it was or by whom. The justice who tried the case heard the former application. He denied that application. A reference to his memorandum discloses he gave no credence to the affidavit of Boyd. An examination of the record of the trial discloses the reason for that. Boyd was as variable as a weather vane. We do not accept plaintiff's construction of section 1146, C. P. A. Evidently there is a complete misunderstanding by plaintiff's counsel of the decision in *McCullen* v. *McCullen* (162 App. Div. 599). The prior marriage there which was annulled was voidable and was declared so to be only after the marriage involved in that case was contracted. Had it been a void marriage, such as defendant has had here declared, a different conclusion would have been reached in that case. But in the absence of facts we have to assume that defendant has obtained a decree of annulment only on the testimony of Boyd and Morgan. This court and the Appellate Division have heretofore denied a new trial on their statements. Under such circumstances the interests of justice do not require a new trial."

The main question before us on this appeal, therefore, is whether the Special Term was correct in holding that the judgment in *Boyd* v. *Boyd* was not such newly-discovered evidence as would entitle the appellant to a new trial. The present and second motion for a new trial, as will be seen from the record and from the recital which I give herein, is based upon the order and judgment of the Supreme Court in Bronx county, annulling the defendant's marriage to Boyd, as well as upon the prior motion in the Supreme Court, Kings county, upon the settled case. This judgment of annulment, rendered by the Supreme Court in Bronx county, declares that the plaintiff in that action (the defendant in the present action) is entitled to a judgment annulling the marriage theretofore existing between herself and Boyd, adjudging and declaring the same " null and void from its inception," because

Boyd at the time of his marriage to the defendant had a wife living by a former marriage, which former marriage has never been dissolved, and that such judgment shall become final as of course three months after the entry and filing thereof, and that upon its becoming final the marriage of the defendant to Boyd shall be annulled and dissolved, and adjudged and declared null and void from its inception. That judgment became final on August 22, 1925. The force of such judgment or decree was to destroy *ab initio* the relation between Boyd and the appellant, and it is as if it never existed. The effect of this judgment is referred to in section 1146 of the Civil Practice Act, which reads as follows:

" § 1146. Judgment annulling a marriage; how far conclusive. A final judgment, annulling a marriage rendered during the lifetime of both the parties is conclusive evidence of the invalidity of the marriage in every court of record or not of record, in any action or special proceeding, civil or criminal. Such a judgment rendered after the death of either party to the marriage is conclusive only as against the parties to the action and those claiming under them."

The respondent here (Atkinson) contends that he was not a party or privy to the action of *Boyd* v. *Boyd*, and that under well-recognized principles he is not bound by the judgment. His claim is that the evidence offered by the appellant is insufficient to warrant a new trial, that the evidence so held insufficient is not to be " magically rendered adequate " by the fact that another court in an undefended action has been persuaded to grant a judgment thereon, and that it would be gross injustice to bind this respondent by that judgment, when he had no opportunity to object to the admission of evidence, cross-examine the witnesses nor appeal from the determination.

It seems to me, from an examination of this record, that a contrary situation is presented, and that it would be gross injustice to ignore the judgment in *Boyd* v. *Boyd* for the purpose of aiding the respondent in his attempt to be relieved from the duties and responsibilities of supporting the woman with whom he lived for almost twenty-two years. A situation somewhat similar to that in the present case appeared in the case of *Post* v. *Post* (149 App. Div. 452; affd., 210 N. Y. 607). In that case the defendant had intermarried with one Keaghey in Louisiana and lived with him in Texas. She left him and returned to Louisiana. Keaghey thereupon obtained a decree in Texas dissolving the marriage. Later the defendant married one Holliday in the State of New York, and her marriage to him was annulled by the courts of this State on the ground that defendant had never been legally divorced from

Keaghey. Subsequently the defendant married the plaintiff in this State, and an action was commenced to annul that marriage, the complaint setting up both prior marriages and alleging that her marriage to Keaghey was in full force and effect. The opinion of the Appellate Division was written by Mr. Justice McLaughlin, who (at p. 458) said: "The plaintiff brings this action to annul his marriage with the defendant on the ground that she had previously been twice married and had never been legally divorced from one of her former husbands. She had the right, in answer to his claim, to introduce in evidence the Texas decree for the purpose of showing that she had been judically freed from Keaghey; and in order to show that she was no longer married to Holliday, she certainly had the right to introduce the judgment rendered in this State. No one could reasonably claim that she was in any way precluded from introducing both judgments in evidence; and once they were received in evidence, then their legal effect became a matter of law for the determination of the court. There is no conceivable theory upon which this court can disregard, in view of the decision of the Supreme Court of the United States in *Atherton* v. *Atherton* [181 U. S. 155], the effect of the Texas decree. It must be given full faith and credit under that decision, and is conclusive that the defendant was no longer the wife of Keaghey. The Holliday judgment is equally conclusive that she was no longer the wife of Holliday, and, so long as that judgment stands, neither the appellant, this court, nor any one else, can disregard it."

Under the situation disclosed by the record here, it seems to me that, with this decree of annulment before the Special Term, it was error to deny the motion for a new trial, and that the order must be reversed. Of course, it goes without saying that with this decree before the court its legal effect is that the Boyd marriage was void from its inception; and if these premises are correct, it necessarily follows that the marriage between the plaintiff and the defendant was valid, since the sole basis of Atkinson's action against his wife was the allegation that his marriage was voidable because of the existence of a valid marriage between the defendant and Boyd. The appellant contends here that since the new evidence would change the result upon a new trial, the ordinary rules with reference to a new trial should not be applied with great strictness, but that such a new trial should be granted where the ends of justice require it. In support of this contention she cites several cases, among others, *Abrams* v. *Abrams* (156 App. Div. 931), where Judge Scott said: "While plaintiff does not perhaps fully bring herself within the strict rules commonly applied to applications like the present, we are of opinion, considering the nature

of the action and the peculiar circumstances of the case, that justice will be best served by granting the motion and ordering a new trial of the issue as to plaintiff's adultery." The respondent claims that the present application is but a renewal of a prior motion made and denied, and for that reason the relief sought should not be granted. This position seems to be untenable, for there is authority for the proposition that the making and denial of a prior motion for a new trial is not a bar to a second application. In the case of *Jaquish* v. *Kelly* (165 App. Div. 847), Mr. Justice LYON said: " The fact that the motion for a new trial is the third made by the defendants should not of itself defeat the motion where substantial justice requires a new trial." The respondent's counsel intimates that the appellant deliberately defrauded the Bronx court in suing in the name of Isabelle E. Boyd and taking a default judgment in the face of the judgment in *Atkinson* v. *Atkinson*, and that a judgment thus secured through fraud is absolutely void, and, therefore, could not be received in evidence if a new trial were granted. Of course, there is nothing in this statement, for there is not a scintilla of evidence that the judgment in *Boyd* v. *Boyd* was procured by fraud. On the contrary, as far as the record states, the judgment is in all respects legal and enforcible.

I suggest a reversal of the order appealed from upon the law and the facts, with costs, being of the opinion that the judgment roll in the action of *Boyd* v. *Boyd* furnished sufficient new evidence to warrant the granting of a new trial.

KELLY, P. J., JAYCOX, YOUNG and KAPPER, JJ., concur.

Order denying motion for new trial upon the ground of newly-discovered evidence reversed upon the law and the facts, with costs, and motion granted. Settle order on notice.