CITY OF NEW YORK *v.* CAPUTO. **595**

Misc. 595]    Court of Special Sessions, City of New York, June, 1926.

------------

THE CITY OF NEW YORK, Respondent, *v.* ANTHONY CAPUTO, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, June 25, 1926.

Husband and wife — common-law marriage — complainant married defendant in New Jersey before entry of final decree in divorce action in which she was guilty party — immediate and continued cohabitation of parties in New York, and recognition of each other as man and wife effected valid common-law marriage — child is legitimate offspring of said marriage — defendant liable for support of said child.

The complainant herein, who, thirteen days before the entry of a final decree in an action for a divorce, in which she was the guilty party, married the defendant before a justice of the peace in the State of New Jersey, and immediately after the ceremony in that State took up with the defendant a residence in the State of New York where they lived together as man and wife and introduced and recognized each other as such, effected a valid common-law marriage with the defendant from and after the date of the marriage ceremony in New Jersey; consequently, a child born more than nine months after the New Jersey marriage will be deemed to be the legitimate offspring of the parties, and the Family Court had jurisdiction to adjudge the defendant a disorderly person for failure to support said child.

APPEAL from a judgment of conviction had in a City Magistrates' Court, Second District, Borough of Richmond, on March 4, 1926, adjudging the defendant, appellant, guilty of being a disorderly person and from the order directing him to pay two dollars and fifty cents a month for the support of his child.

*William C. Casey, Jr.,* for the appellant.

*George F. Nicholson, Corporation Counsel* [*Henry J. Shields* of counsel], for the respondent.

HERBERT, J.  This is an appeal by the defendant from an order of the Family Court adjudging him to be a disorderly person, in that he failed to support a minor child, and directing him to pay two dollars and fifty cents a month for its support.

In 1914 the complainant married one Morris who divorced her in 1924. Thirteen days before the entry of the final decree in that action complainant and defendant herein were married before a justice of the peace in the State of New Jersey. That marriage although contracted in good faith by each of the parties was void because contracted before the entry of the final decree. (*Pettit v. Pettit,* 105 App. Div. 312.)  Immediately after the New Jersey ceremony complainant and defendant took up a residence in the county of Richmond, State of New York, where they lived together as man and wife, introducing and recognizing each other as such, until January, 1925, when the defendant left complainant for some reason not disclosed by the record, and shortly thereafter " married " another woman. More than nine months after the New Jersey marriage the child in question was born to the complainant. Upon this record appellant contends that when this proceeding was brought against him in March, 1926, he was not married to the complainant, that the child in question is illegitimate and that the Family Court was without jurisdiction to make the order appealed from. We think that on the facts disclosed by the record a valid common-law marriage did in fact exist at that time. The complainant, referring to the New Jersey marriage, testified that she believed she was really married to the defendant and it is not disputed that he was then free to enter into a valid marriage. Indeed, it is a fair inference from the record that both complainant and defendant were not aware of the legal impediment to their marriage growing out of the failure to enter the final decree and that when they went before a justice of the peace in the State of New York on July 16, 1924, they both intended in good faith to become husband and wife. Although that marriage was void, the immediate and continued cohabitation of the parties thereto

CITY OF NEW YORK *v.* CAPUTO. **597**

Misc. 595]     Court of Special Sessions, City of New York, June, 1926.

and their introduction and recognition of each other as man and wife continued a valid common-law marriage from and after that date. (*Wilson* v. *Burnett,* 105 Misc. 279, 281; *Applegate* v. *Applegate,* 118 id. 359; *Matter of Wells,* 123 App. Div. 79.) Appellant, however, argues that the acts of the parties after the New Jersey marriage or after the entry of the final decree cannot be held to be a common-law marriage because those acts took place in the State of New York where complainant was forbidden both by statute and by the final decree to remarry and if she could not there contract a valid ceremonial marriage she was not capable of contracting a valid common-law marriage. We think she was. (*Matter of Watson,* 97 Misc. 538.) In that case Watson's wife divorced him in the State of New York and the final decree forbade him to remarry. Immediately thereafter he and the corespondent began living together as man and wife in the State of New York, introducing and recognizing each other as such. In that case there was no honest mistake, no belief that the parties had contracted a valid marriage, nothing but an immoral relation, and yet the court there held on an application for letters of administration on the estate of the woman, that this relation by reason of their cohabitation and recognition as man and wife, and notwithstanding the express provision of the final decree forbidding Watson to remarry, ripened into a valid common-law marriage. There the only question involved was one of property; here is involved not merely the marital status of a woman who honestly believed she was entering into a lawful marriage but the legitimacy of her child, the offspring of that marriage. In that case the court says (at p. 541): " It will be observed that the marriage relation, if it existed, must be founded upon presumption, because there is no proof in this proceeding of the fact. A presumption sustaining marriage has always been indulged by courts of law in controversies where the validity of the marriage was at issue. It is a branch of the general rule of equity and justice which assumes innocence and requires proof of guilt; assumes morality and not immorality; assumes social integrity and not social disgrace; assumes honesty not fraud. *Matter of Matthews,* 153 N. Y. 443; *Matter of Garner,* 59 Misc. 116 and cases there cited. The question of legitimacy of children has been an issue in most of the cases in which this doctrine of presumption has been stated. If it were the issue here, there can be no doubt that upon all the facts of this case the court would pronounce the marriage relation to have been sufficiently established."

In *Matter of Garner (supra),* a New York case, the husband obtained an absolute divorce against the wife who was by the final decree forbidden to remarry. A year afterwards the wife

was living with another man who introduced her as his wife and said he had married her in New Jersey. Thereafter they continued to live and cohabit as man and wife, recognizing each other and being recognized as such. Children were born to them and these relations continued down to the time of the death of the man. Held that the marriage of the parties was sufficiently established as well as the legitimacy of the children.

Appellant relies upon the case of *Pettit* v. *Pettit* (*supra*), but he evidently overlooked the fact that when that case was decided common-law marriages were not valid in the State of New York. Appellant contends that the trial court erred in receiving incompetent, irrelevant and immaterial testimony but he does not indicate what this testimony was. The record shows that the material facts were conceded.

I hold, therefore, that when this proceeding was commenced the parties hereto were lawfully married, that the child in question is the legitimate offspring of that marriage and that the court had jurisdiction to make the order appealed from. Judgment affirmed.

KERNOCHAN, Ch. J., and McINERNEY, J., concur.

Judgment of conviction appealed from affirmed in all respects.