BEATRICE ADAMS, Plaintiff, *v.* LORENZO W. ADAMS, Defendant.

Supreme Court, Special Term, Queens County, December 21, 1946.

*Visel & McDermott* for plaintiff.

*Herman Yellon* for defendant.

FROESSEL, J. In this action for divorce brought by the plaintiff wife, I have no difficulty in concluding that the defendant was guilty of the misconduct alleged to have occurred in the month of March, 1946. Unfortunately, however, the evidence discloses a state of facts which precludes my granting plaintiff relief in this action.

On August 10, 1936, a final decree of divorce between the defendant and a woman he had previously married was signed by a justice of this court and was entered two days later, namely, on August 12, 1936. On August 9, 1936, a marriage ceremony was performed for the parties to this action in the State of Connecticut, but because of some alleged irregularity they went through another marriage ceremony in the early morning of August 10, 1936. It follows therefrom that the plaintiff has failed to establish the validity of the marriage alleged in her complaint, a necessary prerequisite to granting her relief, for the interlocutory judgment preceding the final decree of divorce hereinbefore referred to was ineffectual to dissolve the marriage relation between the defendant and his so-called former wife until the entry of the final judgment on August 12, 1936 (*Pettit* v. *Pettit*, 105 App. Div. 312; *Matter of Foster* v. *American Radiator Co.*, 249 App. Div. 460; *Bamberger* v. *Bamberger*, 128 Misc. 1; see Civ. Prac. Act, §§ 1160, 1175, 1176; Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 236, 238).

Nor can the alleged marriage between the parties hereto be sustained as a common-law marriage. Such marriages have been outlawed in the State of New York since 1933 (Domestic Relations Law, § 11), and in the State of Connecticut since 1930 (2 Revised General Statutes of Connecticut, 1930, § 5153; Keezer on Marriage and Divorce [3d ed.], pp. 43, 1073).

In the light of the foregoing, the court is without power to grant the plaintiff relief here. Accordingly, the complaint is dismissed without prejudice, however, to plaintiff's instituting an action " to declare the nullity " of the marriage alleged in the complaint, in which action plaintiff may apply for the relief provided in section 1140-a of the Civil Practice Act (*Johnson* v. *Johnson*, 295 N. Y. 477.)

Submit judgment in accordance with the foregoing views and on notice.