Frank Del Vecchio, J.
By this action plaintiff seeks to have declared invalid a marriage celebrated between him and the defendant on January 20,1952. No one has appeared in opposition to the application; the court is convinced however that plaintiff’s proof, though uncontradicted, is insufficient to establish a cause of action and accordingly the relief sought must be derned. (Civ. Prac. Act, § 1143.)
Briefly, the facts are these: Defendant has participated in the wedding ceremony on three occasions. Her first marriage was *354 terminated by a decree of annulment filed July 11, 1951 which provided that it should become final after the expiration of three months from entry thereof. During that interlocutory period defendant went through a second wedding ceremony on September 15, 1951 which was of course void and ineffective to create any new marriage relationship. (Landsman v. Landsman, 302 N. Y. 45; Leeds v. Joyce, 202 App. Div. 696, affd. 235 1ST. Y. 620.) It appears that no proceeding was ever had to declare the invalidity of the second “ marriage ”. On January 20,1952 — after the decree of annulment terminating the first marriage had become final — defendant participated in a ceremony with the plaintiff herein solemnizing the marriage which is the subject of this action.
In order to succeed, plaintiff must establish a valid basis in law for declaring invalid the marriage entered into by the parties on January 20, 1952. Eliminating from consideration the grounds of nonage, force or duress, fraud, close family relationship, long continued absence, and mental or physical incapacity— none of which is alleged by plaintiff or supported by any evidence of record — there remains as the only possible basis for recovery the claim that defendant was prevented by an existing former marriage from entering into a valid marriage contract with plaintiff. (Domestic Relations Law, §§ 5, 6, 7, 7-a.)
The facts as presented by plaintiff’s evidence will not support such a finding. As to the first marriage of the defendant: a judicial decree annulling that marriage was entered on July ll, 1951 and became a final judgment as of course three months later on October 9, 1951. (Civ. Prac. Act, § 1176.) From that time forward the parties were as though no marriage had existed between them. (Atkinson v. Atkinson, 217 App. Div. 96, 101; Civ. Prac. Act, § 1146.) It follows that, defendant’s first marriage having become nonexistent by the final decree of annulment, it could not be a legal impediment to the validity of the marriage into which the parties to this action entered on January 20, 1952.
As to the second ‘ ‘ marriage ’ ’ of the defendant: it is clear that no legal matrimonial relationship was created by the ceremony performed on September 15,1951, before the interlocutory decree of annulment had become final. At that time the defendant was still married to her husband of her first marriage. As was said by the court in Matter of Foster v. American Radiator Co. (249 App. Div. 460, 463): ‘1 The interlocutory decree did not annul the marriage; that result was accomplished when the final judgment was entered. * * * There are numerous authorities. that justify the holding that a marriage is not dissolved or'annulled *355 by the interlocutory judgment, but only by the entry of the final judgment. (Pettit v. Pettit, 105 App. Div. 312; Bryon v. Bryon, 134 id. 320; Burton v. Burton, 150 id. 790; Leeds v. Joyce, 202 id. 696, affd. 235 N. Y. 620.) ”
An exception to this rule exists in the case of a marriage which is absolutely void. In that instance, the determination of the court as to invalidity is effective immediately and a judgment so rendered — which is in reality only a judicial declaration that the marriage has been void ab initio — is never interlocutory in nature. (Civ. Prac. Act, § 1176.) However, that situation is not presented by the facts here before the court. It appears that defendant’s first marriage was voidable only, as distinguished from absolutely void, and that the judgment declaring its invalidity was interlocutory for the statutory three-month period. Accordingly, defendant’s first marriage not yet having been annulled, her attempted second “ marriage ” on September 15, 1951 was void. (Domestic Relations Law, § 6.)
It is of no significance that no proceeding to declare the invalidity of the second ‘ ‘ marriage ’ ’ had been prosecuted prior to defendant’s third marriage. “ Where a marriage is void, it is void from its inception without any decree of the court and for all purposes despite any acts or intentions of the parties.” (People v. Kay, 141 Misc. 574, 578.)
Nor may it be argued that the second “ marriage ”, although void at the time of the wedding ceremony, ripened into a valid marriage by the parties’ continued cohabitation, if any, after the annulment of defendant’s previous marriage had become final, as was the case in Leeds v. Joyce (202 App. Div. 696, affd. 235 N. Y. 620). So-called common-law marriages were abolished in this State effective April 29, 1933 (L. 1933, ch. 606); no conduct of the parties initiated in this State after that date, however conjugal, can be effective to create a valid marriage without a proper wedding ceremony.
In view of the foregoing, the court finds that there was no previous marriage of the defendant in effect at the time she entered into marriage with plaintiff on January 20, 1952 and that the latter marriage is in all respects valid.
Judgment for the defendant; the complaint is dismissed.