## WARREN A. CREHORE *vs.* HARRIET C. CREHORE.

If a man marries a woman whom he knows to be unchaste, having had sexual intercourse with her, this court will not declare the marriage void for the reason that she, on the day thereof, being at the time pregnant with a bastard child of which he was not the father, assured him that she was not pregnant, and he married her on faith in that assurance.

LIBEL for sentence of nullity of marriage, setting forth that the libellee, being then a widow, fraudulently represented herself to the libellant as chaste and thereby induced him to marry her at Fitchburg, April 11, 1866, when she was pregnant with a bastard child.

At the hearing in this court, before *Wells*, J., the libellant testified that he first saw her and conversed with her in the railroad cars between Fitchburg and Bellows Falls in September 1865; that he first "became acquainted" with her on March 2, 1866, at a house on Dover · Street in Boston, where he was informed by a friend that she lived; that something was said then about marriage, and she went to Fitchburg the next day, and stayed there eight or nine days, during which time the agreement for marriage was made; that he had sexual intercourse with her during this month of March; that the night before their marriage she told him she thought she was in a family way, and the next morning he went into her room before she was up and said that if what she had told him the night before was true he would not marry her, as the child could not be his, but she replied it was only her nonsense and there was no truth in it; and that he married her on faith in this reply; that in about three weeks he began to suspect that "all was not right," and on a Sunday night not quite five weeks after their marriage he ascertained her pregnancy and turned her away, and had not seen her since that time.

There was medical and other testimony that in August 1866 the libellee, after the full period of a nine months' pregnancy was delivered of a dead child; and it appeared to the satisfaction of the judge that the libellant was not its father, and it was

further proved that the deceased husband of the libellee could not have been its father.

These facts were reported by the judge for determination by the full court on their sufficiency to warrant a sentence of nullity of marriage.

*G. A. Torrey*, for the libellant.

No counsel appeared for the libellee.

BY THE COURT.   The facts show that the libellant had full knowledge that the libellee was unchaste, before he entered into the marriage contract, and was thereby put on his guard so that he cannot allege that he was induced to contract the marriage by such fraud and deceit on the part of the libellee as will enable him to avoid the contract.   *Foss* v. *Foss*, 12 Allen, 26.

*Libel dismissed.*