McAdam, J.
The plaintiff bad been carnally intimate with the defendant, who was then a widow. To induce him to marry her she represented that she was pregnant by him, and that the birth of the child would bring upon the three shame and disgrace, whereupon, to avoid the humiliation, he married her, believing the representation to be true. The marriage was never consummated by cohabitation. The plaintiff now asks that the marriage contract be annulled on the ground of fraud. The defendant makes no defense. The most important contract of life is marriage, the essence of which is consent, and where this is obtained by fraud it goes to the root of the obligation and avoids it. The party guilty of the wrong cannot take advantage of it, while the other party, if he chooses, may waive his objection and make the marriage good. The fact of the marriage not having been consummated has, therefore, in many instances influenced the court in favor of setting it aside. Bish. on M. & D., 4th ed., § 214.
What ought to be done in this case ? The plaintiff, by his immoral act, put himself in a position where he could not tell whether the defendant was or was not in the condition she described; in other words, he put himself, by his own act, into her power. The question presented came before the court in Hoffman v. Hoffman, 6 Casey, 417, where it was held that if a woman pretends to a man that she is pregnant by him, and she is not pregnant at all, but he marries her, believing her representation to be true, he cannot have the marriage set aside for this fraud. This case is conclusive against the present application. In Jackson v. Winne, 7 Wend., 47, it was held that the circumstance of a party being under arrest as the putative father of a bastard child is not enough to avoid a marriage on the ground of fraud or duress, and in a somewhat similar decision, Scott v. Shufeldt, 5 Paige Ch., 43, the fact that the child, when born, turned out to be black instead of white, the color of the parents, did not seem to have much weight in the determination of the legal proposition involved. See, also, Crehore v. Crehore, 97 Mass., 330; Foss v. Foss, 12 Allen, 26; Scroggins v. Scroggins, 3 Dev. N. C. L., 535; Barden v. Barden, id., 548. The fraud practiced on the plaintiff was the outcome of his illicit relations with the defendant, and, while his “ marriage was a failure ” from the time of its ceremonial, the result may be imputed to concubinal origin rather than to any imperfection in the institution itself.
*646 For these reasons the court declines to grant the decree applied for.