[Civ. No. 740.  First Appellate District.—September 26, 1910.]

## A. I. GONDOUIN, Appellant, v. GERTRUDE GONDOUIN, Respondent.

ACTION ·FOR ANNULMENT OF MARRIAGE—PREGNANCY—RELIEF WHEN GRANTABLE.—When a man believes a woman to be virtuous, and where he has had no improper relations with her himself, and after marriage to her under such circumstances he discovers that at the time of the marriage, she was pregnant by a stranger, the court will uphold an action to annul the marriage, on the ground that the husband has the right to have no children except his own born under his roof by the wife whom he has promised to love and cherish.

ID.—RELIEF WHEN NOT GRANTABLE—ILLICIT INTERCOURSE BEFORE MARRIAGE—FALSE REPRESENTATION AS TO PREGNANCY.—A man who has been having illicit intercourse with a woman prior to their marriage cannot have the marriage annulled on the ground that it was brought about by the woman falsely representing that she was pregnant.

ID.—SPECIAL FACTS PRECLUDING RELIEF—ILLICIT INTERCOURSE UNDER PROMISE OF MARRIAGE—LONG CONTINUANCE—QUESTION OF PREGNANCY.—Where, under promise of marriage, plaintiff, especially devoted to defendant, had long-continued sexual intercourse with her, and after six months she became ill, and told him she had seen a physician and believed herself pregnant, whereupon he offered her medicine to procure a miscarriage, and without further investigation continued intercourse two months longer, when she again said she was pregnant, whereupon he procured a marriage license, but continued intercourse another month before marriage, which was kept secret for a time, at his request, until two months after marriage, he cannot then, under the facts, maintain a suit to annul the marriage.

ID.—ANNULMENT OF SUCH MARRIAGE A BLOT UPON JUSTICE.—It would be a blot upon a court of justice if, in the face of plaintiff's conduct, it would lend him its aid to free him from his marriage, even if it was finally brought about as the result of defendant's statement that she was pregnant.

ID.—PREGNANCY A MATTER OF CONJECTURE.—Whether the defendant was in a pregnant condition or not was at most a matter of conjecture; and plaintiff might well believe that by his own immoral conduct he had brought about such a condition.

ID.—EFFECT OF MARRIAGE.—By his marriage to defendant, plaintiff took her for better or for worse. He assumed all liabilities as to her condition, whether pregnant in fact or not.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Louis Ferrari, for Appellant.

Marc Anthony, for Respondent.

COOPER, P. J.—Action to annul a marriage on the ground of fraud. The fraud alleged and relied upon is that defendant falsely stated to plaintiff that she was pregnant by him, and that plaintiff, believing and relying upon such false representation, was induced to, and did, marry the defendant.

The facts appearing of record, and upon which we must presume the judgment is based, are substantially as follows: Plaintiff met defendant, who was then a young woman, in the year 1904 at the home of a mutual friend. The result of the meeting was that plaintiff became very devoted to defendant, and so marked in his attentions that he spent several evenings of each week in her company and at her home. He took her for walks and to the theater on many occasions. During a period of time while he was absent in Portland, Oregon, he wrote to her as often as three times a week. Finally in February, 1906, under promise of marriage, plaintiff succeeded in having sexual intercourse with the defendant. This sexual intercourse continued from time to time as occasion and opportunity offered until August, 1906, when defendant went to Oakland and stayed all night with plaintiff in a room in a public hotel. As the result of the night with plaintiff defendant became ill, and on the following evening plaintiff went to see her at her home in San Francisco, and it was then that defendant first informed the plaintiff that she had been to consult a physician and that the physician thought that she was pregnant. Defendant further told plaintiff that she believed the doctor, and that she was pregnant. Plaintiff again told defendant that he would marry her, and after having intercourse with her left, promising to send her some pills or medicine to procure a miscarriage. He continued to have sexual intercourse with her two or three times a week, but seems to have made no further effort to

find out as to whether or not she was pregnant, or to have her examined by a physician. In October, 1906, defendant again told the plaintiff that she was pregnant. About the 19th of the same month plaintiff procured a marriage license, which he showed to defendant, telling her that he was going to marry her, and again had sexual intercourse with her. Finally, on November 22, 1906, plaintiff took defendant to a Catholic church—as both parties were Catholics—where the marriage ceremony was performed by the priest in charge. The parties did not openly assume the relations of husband and wife after the marriage, for the reason that the plaintiff requested that the marriage be kept secret for a time. Plaintiff, however, continued to visit the defendant and to have sexual intercourse with her at every meeting, as had been his habit before the marriage. This continued until the early part of January, 1907, when he ceased his visits and commenced this suit to annul the marriage.

Plaintiff's contention is that having done all these things under promise of marriage, having continued in his immoral conduct with the defendant until finally told by her that she was pregnant, he married her because of such statement, and that he can now come into a court of justice and have a decree of court freeing him from the marriage vows.

We cannot for a moment sanction such claim. It would be a blot upon a court of justice if, in the face of plaintiff's conduct, it would lend its aid to free him from his marriage, even if it was finally brought about as the result of defendant's statement that she was pregnant. Whether she was in such condition or not was at most a matter of conjecture; and plaintiff might well believe that by reason of his own immoral conduct he had brought about such condition. The fact that he waited for a long time before getting the marriage license, and then delayed the marriage for more than a month before having the ceremony performed, shows that he did not act hastily. He may have concluded in the meantime that the pills he had furnished defendant had had their effect. He did not discover his wrongs until the early part of January, 1907. By his marriage to defendant plaintiff took her for better or for worse. He assumed all liabilities as to her condition, and if he believed she was pregnant, he believed it not

only from her statements, but from his knowledge of his own guilty conduct.

Where a man believes a woman to be virtuous, and where he has had no improper relations with her himself, and after marriage to her under such circumstances he discovers that at the time of the marriage she was pregnant·by a stranger, the court will uphold an action to annul the marriage, and this for the reason that one of the very objects and considerations of marriage is children. The husband has the right to have no children except his own born under his roof, by the wife whom he has promised to love and cherish. To compel him to live with a wife after she had brought forth a bastard, begotten before marriage by a stranger, and then to care for and support such bastard, would shock the moral sense of every right-minded person. But while such is the law, it is equally well settled that a man, who has been having illicit intercourse with the woman prior to the marriage, cannot have the marriage annulled on the ground that it was brought about by the woman falsely representing that she was pregnant. (2 Nelson on Divorce and Separation, sec. 610; 1 Bishop on Marriage, Divorce and Separation, sec. 503; *Hoffman* v. *Hoffman*, 30 Pa. 417; *Todd* v. *Todd*, 149 Pa. 60, [24 Atl. 128]; *Fairchild* v. *Fairchild*, 43 N. J. Eq. 473, [11 Atl. 426]; *Tait* v. *Tait*, 3 Misc. Rep. 218, [23 N. Y. Supp. 597]; *Franke* v. *Franke* (Cal.), 31 Pac. 571.)

Counsel for appellant relies upon the case of *Di Lorenzo* v. *Di Lorenzo*, 174 N. Y. 467, [95 Am. St. Rep. 609, 67 N. E. 63]. It is not necessary for us to sanction or disapprove the doctrine laid down in that case, but it is sufficient to say that the facts are very different from the case at bar. In that case the plaintiff, after having had sexual intercourse with the defendant, was absent from the state for a period of time after such intercourse. Upon his return the defendant stated to him that the result of such intercourse was that she had become pregnant and given birth to a male child of which he was the father, at the same time exhibiting the child to him, and stating to him that the child was the result of such intercourse; and he, believing her, and believing the child to be his, married her. The statement made by the woman was not only false as to the child being his, but the fact was that she had never given birth to a child, and it was the child of an-

other woman that she had exhibited to him. It is at once apparent that this is quite different from a statement as to a condition or belief that the defendant was pregnant.

The judgment is affirmed.

Kerrigan, J., and Hall, J., concurred.