WALKER, J., dissenting.
This is an action by the husband for divorce. The complaint avers that there were intimate and illicit relations between the plaintiff and the defendant; that the defendant falsely and fraudulently represented to plaintiff that she was pregnant, and, that the plaintiff was father of the child with which she was pregnant, and threatened plaintiff with criminal prosecution unless he married her, and that in addition thereto the father of the defendant threatened plaintiff with personal; violence unless plaintiff married defendant; that on (747) account of the fear induced by said threats of personal violence and criminal prosecution, and coerced through the fraudulent representations of the defendant, he married the defendant, but since the marriage plaintiff has learned that the defendant is not pregnant and has not been, and he has refused to live further with her.
If the plaintiff had learned after marriage that the defendant at the time of the marriage was pregnant by another man, of which plaintiff was ignorant, it would be ground for divorce. Revisal, 1561 (4). But it is not ground for divorce that either party was unchaste or incontinent before marriage. Steel v. Steel, 104 N.C. 631. If it were, many a wife is entitled to divorce.
 "It is the fiend's arch mock To lip a wanton and believe her chaste." — BYRON.
But the plaintiff does not even allege that the defendant cohabited before marriage with any one but himself, and the best reparation he could make was to marry her. So far from being entitled to rely upon *Page 823 
her relations with him before marrying, the plaintiff was at least guilty of contributory negligence.
The plaintiff does not plead that he was deceived by the defendant being pregnant by another man, but the deception alleged is that the defendant was not pregnant by him. It is not averred that he was not in pari delicto.
The threat of criminal prosecution cannot be considered, for if he were not guilty of the charge, it would not have hurt him; but he admits the charge of fornication and adultery. Probably he reared proceeding for bastardy; but that is a civil, not a criminal proceeding. S. v. Morgan,141 N.C. 726; S. v. Addington, 143 N.C. 685. If the defendant had been pregnant by him he should have paid the legal charge of saving the county from maintaining the child, if he were not just enough to "make the defendant an honest woman" by marrying her.
The plaintiff alleges "threats of personal violence" by the father if he did not make amends by marrying his daughter, which was but natural, as the plaintiff admits his misconduct. He does not set out any overt acts, that the court might see what was done by the father in his just indignation, nor does it appears that the plaintiff could not have had protection by causing the father to be bound over to keep the peace.
The plaintiff's allegations present a most novel case. The demurrer was properly sustained.
Affirmed.