RAYMOND S. ARNO *vs*. LILLIAN R. ARNO.

Dukes County.   October 22, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Marriage and Divorce*, Nullity.   *Fraud.*

A man, who had married a woman upon her demand after he had had sexual intercourse with her, cannot maintain a libel for nullity of the marriage although he was led to marry her because he was grossly deceived by deliberate false representations on her part that she was with child by him, which he believed after having an examination of their truth made; and although at a hearing of the libel nothing

appears to indicate that he would have married had he not relied upon what was told to him and to those whom he called to assist him in verifying the truth of the representations. Following *Crehore* v. *Crehore,* 97 Mass. 330.

PETITION, filed in the Probate Court for the county of Dukes County on October 6, 1927, for nullity of marriage.

The petition was heard by *Davis,* J., who, on March 6, 1928, caused a final decree to be entered dismissing the libel. The record further states: ". . . at the request of the libellant I report the case for consideration and determination to the Supreme Judicial Court. If the libel can be maintained upon the foregoing findings of fact decree to enter for the libellant, otherwise libel is to be dismissed." There is no record of an appeal by the libellant.

*A. W. Davis,* for the libellant.

No argument nor brief for the libellee.

WAIT, J. This is a libel for nullity of marriage. The libellant met the libellee for the first time about September 1, 1925, and had illicit relations with her then or shortly after. About the end of September she told him she was pregnant by him and that he must marry her. In consequence he asked his mother and his sister-in-law, with whom the libellee was living, to inquire into the facts. They were told by her that menstruation had stopped for the first time at her September period as a result of intercourse with the libellant about September 1, and that she had had no intercourse with any other man. An examination of her body was made by the sister-in-law. As a result of their investigation, both mother and sister-in-law advised the libellant to marry the libellee. They married November 28, 1925, and cohabited until February 23, 1926, when she gave birth to a child of normal full period growth showing no signs of premature delivery. Thereafter the libellant refused to cohabit further and a separation followed. The libellee has admitted to the sister-in-law that the child was conceived by intercourse with another man before her meeting with the libellant.

These false and fraudulent representations with regard to a matter going to the essentials of the marriage relation would establish a right to a decree of nullity of the marriage

had there been no illicit relations between the parties prior to the marriage. So much is established by the decisions in *Reynolds* v. *Reynolds,* 3 Allen, 605; *Donovan* v. *Donovan,* 9 Allen, 140; and *Anders* v. *Anders,* 224 Mass. 438.

The question here presented is whether one who before marriage has had illicit relation with the spouse can maintain a petition for nullity. In *Foss* v. *Foss,* 12 Allen, 26, and *Safford* v. *Safford,* 224 Mass. 392, petitions by such a libellant were denied, but, apparently, in part at least, on the ground that no inquiry adequate to get at the truth had been made after notice of the pregnancy. In *Crehore* v. *Crehore,* 97 Mass. 330, the court, *per curiam,* held that one who has had intercourse before the marriage cannot allege that he was induced to contract the marriage by such fraud and deceit as will permit him to avoid the marriage, and in a dictum in *Smith* v. *Smith,* 171 Mass. 404, Knowlton, J., stated that "a petition cannot be granted if it appears that the petitioner had himself been guilty of criminal intercourse with the woman before the marriage."

In the case before us careful examination in an attempt to get at the truth was made by the libellant. He has not been slack in his effort to understand the situation. He has been grossly deceived by deliberate false representations; and there is nothing to indicate that he would have married had he not relied upon what was told to him and those he called to his assistance.

Nevertheless we think the decision in *Crehore* v. *Crehore,* *supra,* which has not, apparently, been questioned here since 1867, is controlling. We are aware that *Foss* v. *Foss,* *supra,* has been questioned elsewhere; *Gard* v. *Gard,* 204 Mich. 255; *Lyman* v. *Lyman,* 90 Conn. 399; and that a different rule obtains in some other States. *Winner* v. *Winner,* 171 Wis. 413. *Jackson* v. *Ruby,* 120 Maine, 391. *Wallace* v. *Wallace,* 137 Iowa, 37. See 18 L. R. A. 375, and L. R. A. 1916 E, 650. But we are not impelled, thereby, to overrule the decision in *Crehore* v. *Crehore,* and to depart from a hard but salutary rule.

The decree dismissing the libel is affirmed.

*So ordered.*