Herr, Appellant, *v.* Herr.

Argued March 15, 1933. Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*W. S. Harris,* for appellant.

No book or appearance for appellee.

OPINION BY STADTFELD, J., April 17, 1933:

This is an appeal by libellant from the decree of the court below dismissing a libel in divorce in accordance with the recommendations of the master. Libellant asks for a divorce a. v. m. from respondent on the ground of indignities to his person and fraud. No testimony was submitted in regard to indignities, but it was averred and testimony offered that respondent had falsely represented to libellant that she, respondent, was pregnant by him, libellant, prior to the marriage and that she, by means of such false representations and certain threats of suicide, persuaded libellant to marry her. Libellant admitted in his testimony that he had had intercourse with respondent before marriage. There was no doubt that the latter's representations were false as she was not pregnant at all. The master recommended that the libel be dismissed. Exceptions filed by libellant were overruled and the libel dismissed. From that order this appeal is taken by libellant.

Appellant assigns as error the refusal of the court to give any consideration to the testimony of Rev. W. H. Shade, who performed the marriage ceremony, concerning the mental condition of libellant at the time of his marriage to respondent. We have carefully read the testimony of the reverend gentleman and all that it discloses is that on three occasions libellant

came to him and wanted him to pray for him. Prayers might have been more efficacious had he sought them before he yielded to temptation. On another occasion he came to the church one night and came to the altar at the close of services and said he was going to die.

The only other witness was Anna N. Pyle who conducted a rooming house where libellant lived for eight weeks. Her testimony was to the effect that libellant did not sleep in the bed very much and walked the house most of the night. She did not know him except as he lived in her home.

There is nothing in the testimony indicating any aberration of mind rendering libellant incapable of entering into a valid contract of marriage. He no doubt was worried under the circumstances, knowing his previous relations with the respondent. Remorse and regret often follow the pursuit of forbidden fruit and it may not be considered worth the price paid for it. The minister could not have considered him mentally unsound, or he certainly would not have performed the ceremony. There is no evidence of coercion or duress of libellant forcing him into the marriage contract.

The alleged false representations are not such as entitle libellant to a divorce. Hoffman v. Hoffman, 30 Pa. 417. Todd v. Todd, 149 Pa. 60; Schwindt v. Schwindt, 66 Pa. Superior Ct. 217. See also Anderson v. Anderson, 40 Pa. C. C. 288; Reifsnyder v. Reifsnyder, 3 Berks 68.

There was no error in dismissing the libel.

The assignments of error are overruled and the decree of the court below affirmed at the cost of appellant.