FRANK DONOVAN, Plaintiff, *v.* EVELYN FITCH DONOVAN, Defendant.

Supreme Court, Onondaga County, April 7, 1933.

*Saul Kauffman,* for the plaintiff.

No appearance for the defendant.

Ross, WILLIAM M., Official Referee. This is an action to annul the marriage between the plaintiff and the defendant. The plaintiff alleges in his complaint in part: " That for the purpose of inducing the plaintiff to consent to said marriage the defendant, knowing said facts to be untrue, falsely and fraudulently represented to the plaintiff that she was in a pregnant condition and that said plaintiff was the father of said child.

" That plaintiff believed said representations to be true and relied on them, and was thereby induced to consent to said marriage.

" That the plaintiff would not have consented to the said marriage if the said representations had not been made.

" That the defendant was not, in fact, pregnant and the plaintiff was not the cause of any state of pregnancy of the defendant.

" That the said marriage between plaintiff and defendant was never consummated by cohabitation and the plaintiff has never cohabited with the defendant as his wife at any time."

The plaintiff does not deny that he had illicit intercourse with the defendant; but rests his case upon the fact that his wife's fears or hopes as to her pregnancy were not realized.

The plaintiff is twenty-eight years old and is a State trooper engaged in enforcing the law.

The defendant is a minor and at the time of her marriage was eighteen years old and was attending school.

In a Massachusetts case (*Arno* v. *Arno,* 265 Mass. 282; 163 N. E. 861, cited with notes in 42 Harv. Law Rev. 1081, and 43 id. 1311, 1312) the husband sought a decree of annulment upon the ground that while he had illicit relations with his wife, the defendant, before marriage, and married her, relying upon her representations that he was the cause of her pregnancy, it appeared that the period within which the child was born made it apparent that he could not have been the father.

The note to this case (42 Harv. Law Rev. 1081) states in part: " The ground commonly asserted for refusing dissolution, as in the principal case, is that the husband is not justified in relying on the representations of a woman whom he knows is not entirely chaste, and this is apparently set down as a rule of law without regard to the facts of the particular case."

The course traveled by the plaintiff leads him far afield from the path which a devotee of the stern dame equity is required to follow as a necessary preliminary to receiving absolution at her shrine.

When the plaintiff was accused, as he alleges, of being the father of an unborn child, if he was innocent, he was called upon by every dictate of self-respect to deny the charge, and if guilty, he should not be relieved from the subsequent solemn contract of marriage because the prospective mother did not give birth to a child.

The foregoing is written with the case of *di Lorenzo* v. *di Lorenzo* (174 N. Y. 467) before me. The facts in the *di Lorenzo* case are so different from the facts in the case before me as to have no application to the instant case. In the *di Lorenzo* case the defendant fraudulently, during the plaintiff's absence from the State, procured a child, representing to the plaintiff that the child was his, while in fact she had not given birth to any child.

To allow an annulment upon the facts in the instant case would open up a new field for people inclined to throw off the relation and responsibility of a sacred contract upon which the basis of our society rests.

Judgment for defendant.