[Civ. No. 13554. Second Dist., Div. One. Sept. 22, 1942.]

RUTH BRAZELL, Respondent, v. JAMES C. BRAZELL, Appellant.

Roy J. Farr for Appellant.

Bender & Mayo and Jerome J. Mayo for Respondent.

DRAPEAU, J. pro tem.—The parties to this divorce action were married in 1934, and lived together until 1941. Theirs was a tempestuous life, which culminated in the wife filing her complaint for divorce. She accused her husband of beating her up on several different occasions; of failing and refusing to work during the whole time of the marriage; and of being drunk most of the time. In his answer, the husband accused her of drunkenness, and of corresponding with, and having improper relations with other men. After a lengthy trial, in which there was testimony in support of all of the above allegations, the superior court found in favor of the plaintiff and rendered its interlocutory judgment of divorce. From this judgment and the denial of his motion for a new trial the defendant has appealed.

It is first asserted that the trial court erred in not finding recrimination in bar of plaintiff's cause of action.

The defense of recrimination in a divorce suit is nothing new. Recrimination is defined in 27 Corpus Juris Secundum 623 as follows:

"As a general rule, sometimes declared by statute, divorce is a remedy for the innocent against the guilty; hence, if both parties are equally at fault, a divorce will not be granted. If the conduct of both parties has been such as to furnish grounds for divorce, neither of the parties is entitled to relief, or, as the rule sometimes is expressed, if both parties have a right to a divorce, neither of the parties has.

"This is known as the doctrine of recrimination, and rests on the equitable maxim that he who comes into equity must come with clean hands, and on the concept that he who seeks redress for the violation of a contract resting on mutual and dependent covenants must himself have performed the obligations on his part."

However, when the defendant in his answer alleged recrimination an issue of fact was joined. (Code of Civ. Proc., §§ 588-590.) This issue, together with all the others in the

case, was tried by the court; not piecemeal, as defendant apparently contends, but altogether. There is substantial evidence in the record to sustain all of the findings against the defendant, including recrimination, and also including the findings awarding to the plaintiff personal property claimed by the defendant.

■ Defendant next asserts error because of the refusal of the trial court to allow him counsel fees and court costs. As is set forth in section 137 of the Civil Code, any allowance of counsel fees and costs in a divorce action is confided to the discretion of the trial judge. There appears no abuse of discretion in connection with this ruling.

■ Finally, the defendant complains because the trial court refused to permit the introduction of evidence that the plaintiff and defendant lived together before they were married, and of her drunkenness during that time. Defendant cites no authority in support of this proposition and plaintiff fails to brief it at all.

Relevancy and competency of such evidence depends upon the facts under consideration by the courts. In *Franke* v. *Franke,* 3 Cal. Unrep. 656, 662 [31 Pac. 571, 18 L. R. A. 375], the Supreme Court states the rule in annulment cases; —a rule which is applicable to the case at bar:—

". . . Having experienced and participated in her incontinence before marriage, he is thereby sufficiently apprised of her want of chastity to deprive him of the right to complain that he was deceived by her false assurances that he was the only participant in her illicit intercourse: *Reynolds* v. *Reynolds,* 3 Allen (Mass.) 609; *Foss* v. *Foss,* 12 Allen (Mass.) 26; *Crehore* v. *Crehore,* 97 Mass. 330, 93 Am. Dec. 98; *Scroggins* v. *Scroggins,* 3 Dev. [N. C.] 535; *Long* v. *Long,* 77 N. C. 305, 24 Am. Rep. 449; *Carris* v. *Carris,* 24 N. J. Eq. 517; *Seilheimer* v. *Seilheimer,* 40 N. J. Eq. 412, 2 Atl. 376; *Varney* v. *Varney,* 52 Wis. 120, 38 Am. Rep. 726, 8 N. W. 739; Bishop on Marriage and Divorce, sec. 483, *et seq.*"

Also, see *Gondouin* v. *Gondouin,* 14 Cal. App. 285, 288 [111 Pac. 756]; 9 So. Cal. L. Rev. 412, and cases and notes there cited.

Therefore, there is no merit in defendant's specification of error in the exclusion of the evidence offered.

The appeal from the order denying motion for new trial is dismissed. The judgment is affirmed.

Doran, Acting P. J., and White, J., concurred.