CHARLES E. BOISCLAIR, JUNIOR, *vs.* MARJORIE H. BOISCLAIR.

Norfolk. March 2, 1943. — March 30, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Marriage and Divorce,* Annulment. *Fraud.*

One who had sexual intercourse with a woman whom he afterwards married could not maintain a libel for annulment of the marriage on the alleged ground that he was induced to marry by fraud of the woman in falsely representing to him that she was pregnant by reason of such intercourse whereas at that time she was pregnant by reason of previous sexual intercourse with another.

LIBEL, filed in the Probate Court for the county of Norfolk on February 16, 1942, for annulment of marriage.

Material allegations of the libel were as follows: The parties were married on September 29, 1941. "And your libellant further represents that a week prior to said September 29, 1941, the libellee falsely and fraudulently represented to your libellant that he had begotten her with child on June 16, 1941, and that she was then three months pregnant by him. The libellee further stated that if he did not marry her her mother would cause criminal proceedings to be brought against him. . . . And your libellant further represents that because of these false and fraudulent misrepresentations of the libellee, which he believed but which the libellee knew to be false and fraudulent, and because of the fear and duress of the threatened criminal prosecution he was induced to marry the libellee on said September 29, 1941, which he would not have done had he not relied upon what was told to him by the libellee and had he not been under the duress and fear of the threatened prosecution. And your libellant further represents that in fact the said libellee was pregnant by a man to your libellant unknown from April, 1941, all of which the libellee well knew . . . ."

The case was heard by *Reynolds, J.*

*E. J. Fegan,* for the libellant.

*G. L. Harden & H. Loewenberg,* for the libellee, submitted a brief.

LUMMUS, J. This is a libel for annulment of marriage. The parties were married on September 29, 1941, when the libellant was eighteen years old and the libellee was seventeen. A child was born to the libellee on January 22, 1942. The judge dismissed the libel, and the libellant appealed to this court. The evidence is reported.

The parties had been schoolmates, and had known each other for six years. The libellee admitted having sexual intercourse with another boy in August, 1940. The libellant and the libellee had such intercourse with each other for the first time in April, 1941, according to the libellee, or on June 16, 1941, according to the libellant.

We need not discuss the facts that should be found upon the evidence, for the evidence would not warrant the find-

ing of facts upon which an annulment could be granted. In *Arno* v. *Arno*, 265 Mass. 282, the libellant had sexual intercourse with a woman who was then pregnant by another. They were married upon her representations that she had had no relations with any other man, and that he was responsible for her condition. The court said that the libellant made "careful examination in an attempt to get at the truth." Nevertheless the court held, citing *Crehore* v. *Crehore*, 97 Mass. 330, that "one who has had intercourse before the marriage cannot allege that he was induced to contract the marriage by such fraud and deceit as will permit him to avoid the marriage." And as recently as *Levy* v. *Levy*, 309 Mass. 230, 233, a case governed by the law of another State, it was said that "It is settled that, if the laws of this Commonwealth govern the determination of the case, the libellant cannot prevail since he had criminal intercourse with the libellee before his marriage to her," citing *Arno* v. *Arno, supra.*

*Decree affirmed.*