16 So.2d 5

**MOBLEY v. MOBLEY.**

4 Div. 314.

Supreme Court of Alabama.

Dec. 16, 1943.

E. C. Orme, of Troy, for appellant.

W. L. Parks, of Troy, for appellee.

FOSTER, Justice.

The question on this appeal is the sufficiency of the bill on demurrer assigning apt grounds, wherein the bill seeks an annulment of a marriage for fraud. The demurrer was sustained, and complainant appeals.

The substance of the allegations on which the annulment is sought is that the respondent represented to him that she was pregnant, and that he was the father of her unborn child. It alleges that this allegation was false and fraudulent to induce marriage in order to secure an allotment from the War Department on account of being the wife of a soldier of the rank of a private. It also alleges his own ignorance of its falsity, and his reliance on it and inducement to contract marriage, etc. It does not allege that he had not had sexual relations with her before marriage, and a ground of demurrer goes to that failure. It does not specifically allege that she was not pregnant. But that the claim of her pregnancy by him was false. So that the falsity could either be in the fact that she was not pregnant at all, or that though she be so he was not responsible for it. It makes no allegations of the agency of another person, nor that she was not in that condition.

While the court sustained the demurrer generally, his conclusion is stated in the decree to be based on an absence of allegation that he had never had sexual relations with her. He thereby properly presumed that the complainant had such relations at times which would be here material. And since the presumptions are against the complainant, the court could have presumed any status adverse to him not in conflict with the allegations of the bill.

When a woman is in fact pregnant and falsely charges her condition to a man in order to induce marriage with him, and he does marry her as a result of the representation, when her condition was chargeable to another and not to him, that is a legal status different from one in which she falsely claims to be pregnant, also charging that condition to him, when in both instances he had sexual relations with her under such circumstances as that pregnancy could have been due to that relation. If she is in fact pregnant by another man and falsely charges him with it, though he has had relations with her, the current of modern authority is to sustain a bill for annulment, the other conditions existing.

But the courts are not in accord in that conclusion. The whole subject was reviewed by the Maine Supreme Judicial Court in Jackson v. Ruby, 120 Me. 391, 115 A. 90, 91, 19 A.L.R. 77. To express the views of the courts holding that relief will be denied, it quotes from an old Massachusetts case of Foss v. Foss, 12 Allen, Mass., 26, as follows: "We have therefore a case in which a man intermarried with a woman whom he knew to be unchaste, whom he had himself debauched, and of whose condition of pregnancy he was well aware. He took no steps to ascertain the truth of her statements concerning the paternity of the child, but, relying solely on her assurances on that subject, he entered into the contract of marriage. It seems to us that on these facts he was guilty of a blind credulity, from the consequences of which the law will not relieve him. His knowledge of the respondent's unchastity and of her actual pregnancy was sufficient to put a reasonable man on his inquiry. It does not appear that he could not have readily ascertained her previous intimacy with

another man. Certainly by a resort to a medical examination, or by a delay of the execution of the marriage contract for a brief period, he could have easily put the truth of her statements to a decisive test. Whatever may have been the motives which led him to forbear all inquiry, it is a sufficient answer to his claim to be relieved from his contract that the deceit, if any, which was practised upon him was submitted to voluntarily and willfully, and that he cannot be allowed to escape from his obligations by proof of facts the knowledge of which he might have obtained by the exercise of a proper and reasonable prudence and discretion."

It cites to support that holding the following cases: "Foss v. Foss, 12 Allen, Mass., 26; Safford v. Safford, 224 Mass. 392, 113 N.E. 181, L.R.A.1916F, 526; Franke v. Franke, 3 Cal.Unrep. 656, 31 P. 571, 18 L.R.A. 375; States v. States, 37 N.J.Eq. 195; Bartholomew v. Bartholomew, 14 Pa. Co. Ct. R. 230, [3 Pa.Dist. 557]."

To express the views of the more recent opinions it quotes from Winner v. Winner, 171 Wis. 413, 177 N.E. 680, 11 A.L.R. 919, as follows: "'To say that, under such circumstances the man has no right to rely upon the woman's statements that he is the father of the child she is bearing, and that he must make inquiry elsewhere as to her chastity, is to negative all virtue, all truthfulness, and all decency in every woman that may have been imprudent enough to anticipate with her lover the rights of the marriage relation. Such a lapse from good morals should not be held destructive of every ethical instinct of the woman and render her unworthy of belief as to assertions fraught with such serious import, and whose truth she alone knows. * * * No right-minded man guilty of having wronged a woman or sharing a wrong with her would so act. He would do as plaintiff did in this case, marry her. That is the only honorable reparation possible,—the only method of legitimatizing the offspring which he believes to be his and of saving the honor of the woman he has promised to marry. The act of marriage in such a case is not the result of negligent credulity, but of honorable motives to repair as far as possible wrongs inflicted or shared by him. Such conduct should be encouraged to the end that lesser wrongs be remedied instead of being followed by greater ones.'"

The Maine Supreme Judicial Court adopted the later view (later reaffirmed in Mitchell v. Mitchell, 136 Me. 406, 11 A.2d 898[9]), and cites the following cases: "Lyman v. Lyman, 90 Conn. 399, 97 A. 312, L.R.A.1916E, 643; Wallace v. Wallace, 137 Iowa 37, 114 N.W. 527, 14 L.R.A., N.S., 544, 126 Am.St.Rep. 253, 15 Ann.Cas. 761; Ritayik v. Ritayik, 202 Mo.App. 74, 213 S.W. 883; Di Lorenzo v. Di Lorenzo, 174 N.Y. 467, 67 N.E. 63, 63 L.R.A. 92, 95 Am.St.Rep. 609; Gard v. Gard, 204 Mich. 255, 169 N.W. 908, 11 A.L.R. 923; Winner v. Winner, 171 Wis. 413, 177 N.W. 680, 11 A.L.R. 919." See, also, Yanoff v. Yanoff, 237 Mich. 383, 211 N.W. 735. And in Gard v. Gard, 204 Mich. 255, 169 N.W. 908, 11 A.L.R. 931, it is said that while the earlier cases denied relief, the later ones have uniformly granted it. On the basis of the same authorities in 35 Amer.Jur. 264, 265, the same analysis is made of that legal status.

But all those authorities relate to the situation when the respondent was in fact pregnant by another and charged her condition falsely to complainant to induce marriage, etc. If the bill in the instant case was predicated on that status, it would be necessary to declare a choice by this Court between the conflicting views. But on the allegations of the bill this is not now necessary, since we must and do presume that respondent was not pregnant at all, but falsely represented that she was so, and also that complainant was responsible for it, and we further presume that complainant had sexual relations with her in fact, although he may not have known whether or not she was pregnant, and relied on her representations that such was the fact.

There seems to be no conflict of opinion among the authorities that under such circumstances complainant is not entitled to relief. The case of Brandt v. Brandt, 123 Fla. 680, 167 So. 524, denies relief, applying the principle of the minority and earlier cases to which we have referred, relying largely on Massachusetts cases to that effect, whereas a dissenting opinion in the Florida case relied on the majority view above stated. The Massachusetts case points out and cites the opposing authorities.

But the case of Mason v. Mason, 164 Ark. 59, 261 S.W. 40, and Bryant v. Bryant, 171 N.C. 746, 88 S.E. 147, L.R.A.

1916E, 648, emphasize the fact that reliance is had on the circumstance that she was not pregnant at all, and that he had had sexual relations with her. Both cases stressed the fact that they are not based on allegations in substance that she had deceived him in falsely charging to him a pregnancy, which in fact existed, whereas her deception was in her claim of pregnancy at all. See, also, Herr v. Herr, 109 Pa.Super. 42, 165 A. 547, and Young v. Young, Tex.Civ.App., 127 S.W. 898, to the same effect.

We are in accord with those cases in holding that such status does not authorize a decree of annulment.

The element of materiality of the representations as an inducement is weakened, remembering that he is in pari delicto to the situation, and realizing his social obligations. We think the materiality would be much greater if complainant were falsely induced to believe that a pregnancy then in fact existing was chargeable to him, when the respondent knew full well that it was chargeable to another. To induce one to accept the paternity of a child by false representations when it was in fact the child of another, is much more serious than the false allegation of pregnancy, which she charged to him, when complainant is conscious of his relations which could have so resulted. The latter is in the nature of inducing him to perform a social obligation which he may have owed her.

We are persuaded that the decree of the trial court sustaining the demurrer is well supported and it is affirmed.

Affirmed.

All the Justices concur.