IRVING A. COLE, Respondent, *v.* ELIZABETH S. COLE, Appellant.

Third Department, December 29, 1944.

*William A. Dicker,* attorney for appellant.

*Newman & Adams,* attorneys (*Arthur G. Adams* and *Armand L. Adams* of counsel), for respondent.

HILL, P. J. The defendant wife appeals from a decree which annulled her marriage with the plaintiff, granted upon the ground that "the defendant falsely and fraudulently stated and represented to the plaintiff that she was pregnant". She was employed in the household of respondent's mother and stepfather, each of whom had work outside the home. During many months, respondent, a student, and the appellant indulged in illicit sexual intercourse. Just before his graduation in the spring of 1943, her menstrual periods became irregular or failed altogether, and she says that she believed she was pregnant. A physician called on behalf of the husband says that he was consulted and that the symptoms she gave him would indicate pregnancy to a layman. She called upon the physician twice shortly after the marriage. Respondent recognized that if appellant was with child, he was the father. The testimony which is relied upon to support the annulment was given by respondent and his mother. The latter, for the purpose of listening, was concealed in an automobile in which the couple went for a ride some time after the marriage. The conclusion might be drawn from this testimony that appellant was stating an untruth when she said she believed she was pregnant. In *di Lorenzo* v. *di Lorenzo* (174 N. Y. 467) relied upon to sustain the judgment, the woman produced an infant, displayed it to the man, falsely saying that it was their child. That is not an authority under conditions here presented. (*Donovan* v. *Donovan,* 147 Misc. 134, appeal dismissed 241 App. Div. 906.) If appellant is to be condemned for her unconventional conduct, respondent is likewise. He does not come into a court of equity

with clean hands, and may not have relief in this ecclesiastical branch of the Supreme Court. Pregnancy might naturally be expected from his conduct with the appellant, and as matter of law, he is not entitled to a decree dissolving the contract into which he entered.

However, if the case is to be decided on the facts, the burden is upon the respondent. The secreting of his mother where she could hear the confidential and probably privileged talk he had with his wife is not conduct which should be approved and rewarded. Respondent is a highly interested witness, likewise his mother. The appellant is corroborated somewhat by the physician. She might well have believed that pregnancy had followed the numerous acts of intercourse. The testimony on behalf of the appellant is more convincing than that of the respondent, and on the facts, the judgment should be reversed.

HEFFERNAN, BREWSTER and FOSTER, JJ., concur; BLISS, J., dissents and votes to affirm.

Judgment reversed on the law and facts and the complaint dismissed.

The court reverses findings of fact numbered second, fourth and fifth and disapproves the conclusion of law.

The court finds that plaintiff-respondent was not deceived by defendant-appellant and any statements made by her as to her supposed condition were made in good faith and that she believed them to be true, and that there was no fraud practiced by plaintiff-respondent which constituted an inducement to marriage. [See amended decision 268 App. Div. 1076.]