BORIS GARFINKEL, Appellant, v. LIZA P. GARFINKEL, Respondent.

First Department, October 20, 1959.

*Henry S. Miller* for appellant.

*Morris Fish* for respondent.

*Per Curiam.* This is an action for annulment on the ground of fraud. Defendant counterclaimed for a separation. The plaintiff claims to have been induced to marry the defendant

by her representation that she was pregnant; that such representation was false, and when he discovered its falsity, he immediately left the defendant and ceased to cohabit with her. It is undisputed that there had been prior sexual relations between the parties.

The trial court found as a fact that the plaintiff was induced to marry the defendant by reason of her representation of pregnancy and her assertion that she was too old to submit to a third operation. The court concluded in light of the testimony adduced at the trial, that equity should refuse relief. Annulment was denied the plaintiff, but a separation was granted the defendant.

While it is true that from time to time, language has been used in certain New York cases which lends support to the clean hands doctrine (*Tait* v. *Tait,* 3 Misc. 218; *Cole* v. *Cole,* 268 App. Div. 564), in our view the rule laid down in *Di Lorenzo* v. *Di Lorenzo* (174 N. Y. 467) still represents the law of this State. In *Di Lorenzo,* an action for annulment, there was a material misrepresentation of a fact. Defendant falsely represented that plaintiff was the parent of a child exhibited to him. Plaintiff believed the representation and, as a result, plaintiff was induced to marry the defendant. The court pointed out that despite the considerations which affected the institution of marriage, and the family relation, '' our law considers marriage in no other light than as a civil contract '' (p. 472). A contract of marriage is not excepted from the general rule that contracts may be vacated when the assent of the party to the contract was the result of fraud. And our statute expressly provides that an action may be maintained for the annulment of a marriage on the ground '' that the consent of one of the parties thereto was obtained by fraud '' subject to the limitation that it shall not be annulled for fraud '' if it appears that, at any time before the commencement thereof, the parties voluntarily cohabited as husband and wife, *with a full knowledge of the facts constituting the fraud* '' ( emphasis supplied). (Civ. Prac. Act, § 1139.)

Prior sexual relations between the parties are not alone sufficient ground for denying a remedy because the representation complained of could only be persuasive if such were the fact.

We are aware that some jurisdictions adopt a contrary view (*Foss* v. *Foss,* 12 Allen [94 Mass.] 26, in which the Massachusetts rule is well set forth), but the motive impelling marriage where there is a representation of pregnancy, is the desire to right a wrong, or to share a burden or assume a responsibility for a

condition jointly created. Absent pregnancy, if there is no voluntary cohabitation thereafter with full knowledge of the facts, there is little reason for a variation of the law.

The cases cited by the respondent (*Levy* v. *Levy*, 309 Mass. 230; *Behr* v. *Behr*, 181 Md. 422), have no application here. In the *Levy* case, there was no pregnancy. Annulment was denied because the court found the representations were not such as to deceive the ordinary prudent man and therefore, there was no fraud.

In the *Behr* case (*supra*), where annulment was sought because of a claim of premarital unchastity with another, there was in fact a pregnancy. In denying relief the court found there was a condonation by the husband of any prenuptial incontinence on the part of the wife. It is noteworthy that the court there termed marriage a civil contract and not a sacrament, though required to be solemnized by a religious ceremony (p. 426). Presumably, then, fraud in the inducement may vitiate the contract. (See discussion in 55 C. J. S., Marriage, p. 867, § 34, subd. b, par. [2].)

While the court herein made the flat assertion during trial that the defendant was pregnant, its finding of fact that whether defendant did or did not submit to an operation for an abortion after marriage, as claimed by defendant, is immaterial, seems to leave the fact somewhat debatable. The testimony on pregnancy leaves much to be desired and is inconclusive.

On the record, there is insufficient to support the determination denying the annulment and granting the separation. However, the court is of the opinion in light of certain findings and conclusions, as weighed by testimony in the case, that in the interests of justice, a new trial should be ordered. We point out that the defendant cannot simply assert pregnancies and abortions, then on cross-examination cloak herself in a mantle of invulnerability and retire to a citadel of silence because of an expressed desire to protect the participants either in the finding of pregnancy, or in the performance of the alleged abortions.

The judgment should be reversed on the law, on the facts and in the exercise of discretion and a new trial ordered, without costs to either party.

BREITEL, J. P., RABIN, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Judgment unanimously reversed on the law and on the facts, and in the exercise of discretion, and a new trial ordered, without costs to either party.