**PENI TAIANAMU, Petitioner**

v.

**DIANA LOGOI TAINAMU, Respondent**

High Court of American Samoa
Trial Division

DR No. 58-94

December 22, 1994

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and

AFUOLA, Associate Judge.

Counsel:    For Petitioner, Albert Mailo

Petitioner's motion for a default judgment came regularly for hearing on December 16, 1994. Petitioner and his counsel were present. Respondent was duly served with process and executed a waiver of her rights to be present at any hearing or trial and to notice thereof, and a consent to proceed without her presence. The Court heard testimony and has considered the evidence.

## FINDINGS OF FACT

Petitioner has been a bona fide and continuous resident of American Samoa for at least one year immediately preceding the commencement of this action.

The parties began dating in July 1993 and first had sexual relations in August 1993. Respondent told petitioner that she was pregnant by petitioner, and they married on November 10, 1993. In February 1994, respondent gave birth and admitted to petitioner that another man is the father of the child. The parties separated the same month, and since then have not lived together as husband and wife.

## CONCLUSIONS OF LAW

■ 1. A marriage may be dissolved by divorce or annulment only on the grounds set forth by statute in A.S.C.A. §§ 42.0202 and 42.0203. *West v. West*, 5 A.S.R.2d 88, 89 (Trial Div. 1987).

■ 2. Petitioner seeks a divorce on allegations of habitual cruelty and ill usage, a cause recognized by A.S.C.A. § 42.0202(2). However, the evidence fails to establish any facts constituting this ground. Habitual cruelty or ill usage involves such things as physical violence, threats, and gratuitous harassment, or other conduct so shameful and bizarre as to be unbearable. *Chun v. Chun*, 3 A.S.R.2d 23 (Trial Div. 1986); *Lea`e v. Lea`e*, 3 A.S.R.2d 51, 52-53 (Trial Div. 1986). "Irreconcilable differences" will establish neither habitual cruelty nor ill usage. *Id.*

■ 3. The evidence does show respondent's misrepresentation of pregnancy by petitioner. However, this fact does not render the marriage void or illegal, the only cause recognized for annulment by A.S.C.A. § 42.0203. Moreover, although statutes frequently authorize annulment of

72

marriages voidable by fraud, the standard rule precludes annulment based on pregnancy misrepresentations when the parties engage in sexual intercourse prior to marriage. *Peacon v. Peacon*, 30 S.E.2d 640, 641 (Ga. 1944); *Kawecki v. Kawecki*, 35 N.E.2d 865, 866 (Ohio Ct. App. 1941); *Santer v. Santer*, 188 A. 531, 533 (Pa. 1936); *Herr v. Herr*, 165 A. 547 (Pa. 1933); *Wallace v. Wallace*, 114 N.W. 527, 528 (Iowa 1908); *Young v. Young*, 127 S.W. 898, 899 (Tex. Ct. App. 1910); *Gondouin v. Gondouin*, 111 P. 756 (Cal. Ct. App. 1910).

4. The Legislature, not the Court, is the proper forum to formulate any policy changes in the legal bases for dissolving marriages. *West*, 5 A.S.R.2d at 89. Accordingly, the petition must be denied and dismissed with prejudice.

It is so ordered.